CASE 96.—PERSONAL INJURY ACTION BY BRIDGET McCARTHY AGAINST THE LOUISVILLE RAILWAY COMPANY.—October 16.

## Louisville Ry. Co. v. McCarthy

Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

EMMET FIELD, Judge.

Judgment for plaintiff. Defendant appeals.—Affirmed.

Negligence—Imputed Negligence—Husband and Wife.—Under the Weissinger act, defining the rights of married women, a wife is not chargeable with the negligent acts of her husband, unless the relation of master and servant or principal and agent exists; and, where personal injury results to the wife

Louisville Ry. Co. v. McCarthy.

from the concurrent negligence of the husband and a third person, the negligence of the husband is not ordinarily attributable to the wife, so as to bar a recovery by her.

FAIRLEIGH, STRAUS & FAIRLEIGH for appellant.
GREENE & VANWINKLE of counsel.

1. Appellant will urge but one ground upon which a reversal is asked, and that is, that the court erred in refusing to give instruction A, offered by the defendant, which is as follows: "The court instructs the jury that although they may believe from the evidence that the motorman in charge of the car which collided with the surrey in which plaintiff was riding was negligent in the management and operation of his car at the time of said collision, yet, if they futher believe from the evidence that the person driving said surrey was also negligent at said time and place, and but for his negligence contributing to or helping to bring about said accident the same would not have occurred, then the law is for the defendant and the jury should so find."

2. The appellant also complains of that portion of Instruction No. 5 in which the court gave to the jury the converse of the instruction offered by appellant. The portion of instruction No. 5 complained of is as follows: "In this case, gentlemen, the plaintiff is responsible only for such negligence, if any there was, that she was guilty of. She is not liable for any contributory negligence, if any there was, that may have been committed by her husband, who was the driver of the surrey."

AUTHORITIES CITED.

Pennsylvania R. R. Co. v. Goodenough, 28 Atl., 3; Morris v. Chicago, M. & St. P. R. Co., 26 Fed. Rep., 22; Toledo St. L. & K. C. R. Co. v. Crittenden, 42 Ill. App., 469; Gulf C. & S. F R. Co. v. Greenleé, 62 Tex., 344; Carlisle v. Town of Speldon, 58 Vt., 440; Borough of Nanticoke v. Warve, 106 Pa., 373; City of Joliet v. Seward, 86 Ill., 402; Yan v. Ottuma, 60 Iowa, 429; Peck v. N. H. & H. R. Co., 50 Ct., 379; Galveston H. & S. A. R. Co. v. Kutac, 72 Texas, 643; Huntson v. Trumbull, 2 McCreary, 314; Street v. Holyoke, 105 Mass., 82.)

MORTON K. YONTZ for appellee.

It must be observed that the courts of many states and the United States' courts have passed upon this question, and the concensus of judicial opinion is to the effect that the occupant is

Louisville Ry. Co. v. McCarthy.

not responsible for any negligence of the driver unless the relation of principal and agent or the relation of master and servant existed between them.

AUTHORITIES CITED BY APPELLEE.

Cahill v. Cincinnati, &c., Ry Co., 92 Ky., 345; Robinson v. N. Y. R. R. Co., 66 N. Y., 11; Masterson v. N. Y., &c., R. R. Co., 84 N. Y., 247; St. Clare R. R. Co. v. Edin, 43 Ohio St., 91; Louisville, New Albany & Chicago Ry. Co. v. Creek, 14 L. R. A., 733; Nightstown v. Musgrove, 116 Ind., 112; Platz v. Cohols, 24 Hun. (N. Y.), 101; Shaw v. Kraft, 37 Fed. Rep., 317; Sheffield v. Cent. Union Tel. Co., 36 Fed., 164; Honey v. Chicago, B & Q. R. R. Co., 59 Fed. Rep., 423; Chicago, St. L. & P. R. R. Co. v. Spilker, 134 Ind., 380; s. c. 33 N. E. R., 280; Lakeshore & M. S. R. R. Co. v. McIntosh, 140 Ind., 261; s. c. 38 N. E. R., 476; Galveston, H. & S. Ry. Co. v. Kutac, 76 Tex., 473; s. c. 13 S. W. Rep., 327.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This is an appeal from a judgment of the Jefferson circuit court, wherein appellee recovered $1,500 damages for personal injuries which she received in a collision with one of appellant's cars while she was being driven west on Frankfort avenue in a carriage. She charged that the collision and consequent injury to her was due to the gross negligence of the agents and servants of appellant in charge of the car. The answer, in addition to traversing the allegations of the petition, pleaded contributory negligence. A reply traversed the affirmative matter of the answer, and upon the issues thus joined the case was tried, and the verdict appealed from rendered. Several reasons were urged in the motion for a new trial why the verdict should be set aside and a new trial awarded, but upon this appeal but one ground for reversal is urged, to-wit, the failure of the court to properly instruct the jury on the subject of imputed negligence.

The appellant asked the court to give the following instructions: "(A) The court instructs the jury that, although they may believe from the evidence that the motorman in charge of the car that collided with the surrey in which plaintiff was riding was negligent in the management and operation of his car at the time of said collision, yet if they further believe from the evidence that the person driving said surrey was also negligent at said time and place, and but for his negligence, contributing or helping to bring about said accident, the same would not have occurred, then the law is for the defendant, and the jury should so find. (B) If the jury believe from the evidence that the driver of the surrey in which plaintiff was riding at the time of the collision complained of herein drove the same across the track on which defendant's car was running so close to the front end of said car that he rendered it impossible for the motorman in the exercise of ordinary care to stop his car in time to prevent a collision with said surrey, then the law is for the defendant, and the jury should so find." This the court refused to do, and gave instead instruction No. 5, which is as follows: "In this case, gentlemen, the plaintiff is responsible only for such negligence, if any there was, that she was guilty of. She is not liable for any contributory negligence, if any there was, that may have been committed by her husband, who was the driver of the surrey. I will say, further, to you that if you believe from the evidence that the motorman discharged all of the duties of which I have spoken to you—that is, that he did keep a lookout ahead, did have his car under reasonable control, did sound the customary signals, and did exercise ordinary care to prevent injury to the vehicle in which the plaintiff was riding—but that the vehicle suddenly

appeared upon the track that the street car was
occupying, so close to the street car that the motor-
man could not avoid the accident by the exercise of
ordinary care, then the law is for the defendant, and
you should so find." And it is the action of the court
in refusing to give instructions A and B, asked for,
and in giving instruction No. 5, of which appellant
now complains.

The evidence shows that appellee and her husband
and two others were driving west on Frankfort ave-
nue on Sunday afternoon, and a car of appellant
company was going in the same direction, and while
the carriage in which appellee was riding was upon
the west-bound track of appellant its car ran into the
vehicle from behind, overturned it, and threw them
out, and appellee sustained the injury complained of.
It is the contention of appellant that the horse which
was being driven by appellee's husband became
frightened at a passing train, and swerved suddenly
upon the track a short distance before the car, and
when the car was so close upon it that the accident
and collision was unavoidable. It is conceded for
appellant that appellee did nothing whatever, and
was a passive occupant of the carriage, and unless
the negligence of her husband (if any there was), as
driver, can be imputed to her, then she is without
fault, and must recover in any event, if those in
charge of the car were shown to have been negligent
of their duty. This presents the question squarely
as to whether or not the negligence of a husband while
driving a vehicle in which his wife is a passenger can
be imputed to the wife, in an action for damages by
her, and whether or not the relation of husband and
wife is such as that the wife can not recover under
such circumstances if it is shown that the husband,

with whom she was riding, was guilty of negligence. A somewhat similar question was raised in the case of Cahill v. C., N. O. & T. P. R. R. Co., 92 Ky. 345, 13 Ky. Law Rep. 714, 18 S. W. 2, where it was held that a person, who was injured while riding in a vehicle at the invitation of the owner, can not have the contributory neglect of the owner, who was the driver, imputed to him, unless the relation of principle and agent or master and servant exist between the passenger and the owner of the vehicle. The principle announced in that case has been followed in a number of subsequent cases.

While admitting that the trend of this opinion is to the effect that the occupant of a vehicle is not chargeable with the contributory neglect of the driver thereof, unless the relation between them is that of principal and agent or master and servant, or such that the passenger has some authority and control of direction over the acts of the driver, appellant relies upon the case of Central Passenger Railway Company v. Chatterton, 14 Ky. Law Rep. 665, and the authority of numerous courts of last resort in other States, to support its contention that the contributory neglect of the husband is to be imputed to the wife, because of the marital relation. The case of Central Passenger Railway Company v. Chatterton was decided before the passage of the Weissinger act, and, as counsel for appellant correctly states, the doctrine of imputing the neglect of the husband to the wife did not arise at common law by reason of the fact of the husband's interest in his wife's estate, and of the further fact that the wife was not allowed to sue without joining her husband as a party plaintiff. Such was the rule in Kentucky prior to the passage of the Weissinger act, and necessarily "this

question could not have arisen in Kentucky before the Weissinger act was passed.'' This being true,. the Kentucky authority relied upon by appellant does. not apply. In the Chatterson case both husband and. wife were joined as plaintiffs, and the court evidently regarded the driver as the agent and servant of both,. and held that the jury should have been so instructed.. Since the passage of the Weissinger act our court has. not been called upon to pass upon this question; but,. as above indicated, it is not a new one, but one which. has been passed upon by most every State in the Union. An examination of the authorities shows that. in many States the negligence of the husband in driv-- ing a vehicle is attributed to the wife, and she has. been denied the right to recover. The Supreme Court. of Illinois, Texas, Vermont, Pennsylvania, Iowa, Con-- necticut, and Massachusetts have so held; while, on the other hand, the Supreme Courts of the States of Indiana, New York, and Ohio, and numerous federal. authorities, hold that the negligence of the husband. is not to be imputed to the wife, and that, even though. he is negligent, she is not denied the right of recovery because thereof.

In the case of Louisville, New Albany & Chicago. Ry. Co. v. Cree,k, 130 Ind. 139, 29 N. E. 481, 14 L. R.. A. 733, in passing upon the right of one to recover for injuries sustained while riding in a carriage as the guest of the driver, the court said: ''We can see no good reason why the foregoing statement does. not apply to a wife riding with her husband with as much reason as to a stranger riding with him, nor why she may not be in such case a mere passive guest, without authority to direct or control his movements,. and without reason to suspect his prudence or his. skill. A husband and wife may undoubtedly sustain.

such relations to each other in a given case that the negligence of one will be imputed to the other. The mere existence of the marital relation, however, will not have that effect. In our opinion, there will be no more reason or justice in a rule that would, in cases of this character, inflict upon a wife the consequences of her husband's negligence solely and alone because of that relationship, than to hold her accountable at the bar of eternal justice for his sin because she was his wife." And in the case of Knightstown v. Musgrove, 116 Ind. 121, 18 N. E. 452, 9 Am. St. Rep. 827, the rule was thus stated: "Where the negligence of a driver is sought to be imputed to an occupant of the vehicle, it must be shown that the relation of the person injured to the one whose negligence contributed to the injury was such that in contemplation of law the negligent act of a third-person was, upon the principle of agency or co-operation in a joint or common enterprise, the act of the person injured." And in the case of Honey v. Chicago, Burlington & Quincy R. R. Co. (C. C.), 59 Fed. 423, it was held that "to render the contributory negligence of a wife, regarded as the agent or servant of her husband, imputable to him, the circumstances must be such that he would be liable for her negligent act if it had resulted in injury to a third person."

It seems to us that this rule is in consonance with reason and justice; that the negligence of the husband or the wife, as the case may be, should not be attributable to or charged to the other, unless it should appear that in that particular instance the relation of principal and agent or master and servant existed between them. The mere fact that the one is the husband or the wife of the other should not render him or her answerable for the negligence of the other. Under

the enlarged property rights which a married woman now enjoys she may prosecute a suit in her own name for personal injury without joining her husband. The husband has no interest in the recovery, and we see no good reason for denying to a wife the right of a recovery because her husband, into whose care she, for the time being, intrusted herself, was guilty of an act of negligence which contributed to bring about her injury. This was the wife's status at common law; but the purpose of all modern legislation, and the trend of judicial interpretation thereof, has been to give to married women, when dealing with their property rights, more and more freedom from the restraint, control, and dominion of their husbands, until now in Kentucky and in most States they may deal with the same, with few exceptions, as though they were unmarried. Hence the reason for the rule that, unless the relation of master and servant or principal and agent is made to appear in a particular case, the wife is not held chargeable with the negligent acts of her husband, and in cases where personal injury results from the concurrent negligence of her husband and a third party the negligence of the husband is not ordinarily attributable to the wife, so as to bar her right of recovery.

We are of opinion that the trial court did not err in refusing to give the instructions asked for by appellant, as the whole law of the case was embodied in the instructions given.

The judgment is therefore affirmed.