## Robinson's Administrator v. Robinson.

(Decided May 7, 1920.)

### Appeal from Hickman Circuit Court.

1.   Death—Action Against Husband for Death of Wife.—Under section 241 of the Constitution the personal representative of a wife

may maintain an action against the husband for damages for her wrongful death where there are children who, under section 6 of the statutes, would be entitled to one-half of any sum recovered, even though under that same statute the husband is entitled to one-half of said recovery.

2. Death—Action Against Husband for Death of Wife.—Neither the limitations in .the "married woman's act" nor the rule of public policy, which deny the right of one spouse to sue the other for personal tort during coverture, can be invoked in such a case, since the marital relation no longer exists.

R. B. FLATT for appellant.

JOE W. BENNETT and ROBBINS & ROBBINS for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Elias Robinson assaulted and, it is alleged, killed his wife, Amanda Robinson. Her administrator filed this action against him to recover damages for her wrongful death. A demurrer was sustained to the petition as amended and the petition dismissed, from which judgment the plaintiff appeals.

We had occasion to consider this same question in Lillie Conn Dishon's Administrator v. T. E. Dishon's Administrator, reported in 187 Ky. 497, and there decided that the wife's administrator could not sue the husband or his estate for her wrongful death where she left no children surviving, because in that event under section 241 of the Constitution and section 6 of the statutes, which conferred the right, if it exists, the husband was the sole beneficiary of any recovery, and the wife's estate, as a consequence, had no interest therein. But in the case at bar the wife is survived by children, who, under section 6 of the statutes, enacted pursuant to section 241 of the Constitution, are entitled to one-half of any recovery; hence this is not a moot case as was the Dishon case, and if as a matter of fact the right of the administrator of one spouse to sue the survivor is conferred, this action can be maintained by the administrator for the benefit of his decedent's children to the extent they are entitled to any possible recovery.

Section 241 of the Constitution and so much of section 6 of the statutes as is pertinent are respectively as follows:

Sec. 241, Constitution: "Whenever the death of a person shall result from an injury inflicted by negligence

or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The general assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person.''

Section 6 of the statutes: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing same, and when the act is willful or the negligence is gross, punitive damages may be recovered, and the action to recover such damages shall be prosecuted by the personal representative of the deceased. The amount recovered, less funeral expenses and the cost of administration, and such costs about the recovery, including attorney fees as are not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order, viz:

''1.  If the deceased leaves a widow or husband, and no children or their descendants, then the whole to such widow or husband.

''2.  If the deceased leaves either a widow and children or a husband and children, then one-half to such widow or husband and the other one-half to the children of the deceased.''

It will be noticed that in both it is provided that damages may be recovered in every case ''whenever the death of the person shall result from injuries inflicted by negligence or wrongful act.'' More comprehensive language could not have been employed. It was evidently the purpose of this section of the Constitution to provide for a recovery in every case where death resulted from negligence or wrongful act, and the only reason for such a provision in the Constitution is found in the fact that theretofore under the common law as amended by statutes in this state there were still some conditions under which a recovery could not be had for such a death. Both the language and the purpose of the constitutional provision are so clear as to leave no room

for construction, and we could not impose any limitations or insert any exceptions not herein expressed without exceeding judicial authority. We are therefore clearly of the opinion that these provisions of the Constitution and statutes were intended to and do confer a right to sue for damages in every case where death results from injury inflicted, by negligence or wrongful act, except only where under the very provisions of these enactments an action is impossible because the responsible party is also the sole beneficiary of any possible recovery.

It is expressly provided by the Constitution that the action may be maintained in every such case by the administrator of the decedent, and for the benefit of those named in the statute.

Manifestly no rule of the common law nor any limitations found in the married woman's act enacted in the exercise of a general legislative authority can possibly have the effect of defeating or abridging such an explicit and mandatory provision of the Constitution and a legislative enactment in compliance therewith. Besides, even the public policy, which in Thompson v. Thompson, 218 U. S. 611, and other cases cited in Dishon v. Dishon, *supra*, affords the reason for denying the right of one spouse to sue the other for personal tort during the existence of the marital relation under the married women's acts enacted in most of the states, cannot be involved here because the marital relation no longer exists.

Nor can the fact that the defendant is entitled to one-half of the recovery defeat the right of the plaintiff to maintain the action on behalf of his decedent's children, entitled to the other half of any sum that might be recovered. It therefore results that the court erred in sustaining the demurrer to and dismissing the petition.

Wherefore the judgment is reversed and the cause remanded for proceedings consistent herewith.