# Hale v. Hale (two cases).

March 21, 1950.

Edward P. Hill, Judge.

Combs & Combs for appellant.

Harkins & Harkins for appellees.

MORRIS, COMMISSIONER—Reversing.

On August 9, 1947, appellee, the owner and operator of a station wagon, was returning from a trip to Seymour, Missouri. As he and those who were riding in the vehicle were nearing their home in Floyd County, appellee lost control and the vehicle ran over a high embankment, resulting in the deaths of Susan and Carol Lynn Hale. Thereafter appellant qualified as administrator of the estates of the two decedents.

Following his qualification the administrator instituted separate actions against appellee. In his petitions, and two or three amendments, he alleged that at the time of their deaths the two were invited guests; that their deaths were caused by the careless, reckless and negli-

gent manner in which the automobile was operated at the time of the accident.

Defendant demurred to each petition and at the same time moved to have the plaintiff make them more definite by stating the relationship of the respective parties. There was no immediate ruling on these dilatory pleas and separate answers were filed. They admitted the qualification of the personal representative, the deaths of the two at the time and place mentioned, denied all charges of negligence, and alleged that Susan Hale was at the time guilty of contributory negligence and had assumed the risk. The answer in the child's case did not set up these defenses. What we take to be the chief defense is contained in the affirmative plea, which disclosed the relationship of the respective parties.

It was stated that Susan Hale, a widow, was the mother of appellant and appellee, and another son, Edgar; these were her sole survivors and heirs, and would share equally in her estate. Carol Lynn was the one year old daughter of Henry, and he and his wife were her heirs-at-law and would share her estate. It was specifically plead, either as a plea in abatement, or a lack of legal capacity to sue or recover for the death of the two, that "under the laws of the State of Kentucky a parent may not maintain an action for tort against a child, nor a child against a parent, either directly or indirectly; that the claim asserted in the petition herein is of such nature, against public policy and the laws of Kentucky, therefore, cannot be maintained." A demurrer was overruled and a reply admitted the relationships, and denied the conclusion.

The pleadings and procedure, with the unimportant exception above noted were the same, and upon submission the court sustained defendant's demurrer to each petition, and plaintiff declining to plead further petitions were dismissed, with appeal granted in each case. The record does not show that the court expressed the ground upon which he sustained the demurrers, but when we turn to the briefs we find that there are two points discussed. First whether the administrator of a deceased person may sue one of the beneficiaries under KRS 411.130 for the wrongful death of the decedent where other beneficiaries, capable of taking under the

statute, are in existence. Second, whether the negligence of a father should be imputed to the mother in a suit by the administrator of the estate of their deceased child against the father. In Robinson's Adm'r v. Robinson, 188 Ky. 49, 220 S. W. 1074, and in Bays et al. v. Cox's Adm'r, 1950, 312 Ky. 867, 229 S. W. 2d 737 this court held that the administrator of a deceased wife could sue her husband for wrongful death for the benefit of their children. In such case recovery by the administrator is an amount equal to the amount by which the estate of the decedent has been damaged by the loss of decedent's power to earn money, less the distributive share of the husband. Bays et al. v. Cox's Adm'r, supra.

It is urged here by appellee that the common law disability of one spouse to sue the other, or of a parent to sue a child, or vice versa, for tort should be applied. In Robinson's Adm'r v. Robinson, supra, this court made the following statement (188 Ky. 49, 220 S. W. 1075): "It is expressly provided by the Constitution that the action may be maintained in every such case by the administrator of the decedent, and for the benefit of those named in the statute. Manifestly no rule of the common law nor any limitations found in the Married Woman's Act enacted in the exercise of a general legislative authority can possibly have the effect of defeating or abridging such an explicit and mandatory provision of the Constitution and a legislative enactment in compliance therewith."

The court thus held that the common law disability was not applicable to suits brought for wrongful death under KRS 411.130 and Kentucky Constitution, Sec. 241. The reasoning therein is equally applicable to the case of Carol Lynn Hale, where an administrator of a deceased child sues for wrongful death, and to the case of Mrs. Susan Hale, where the administrator of a deceased parent sues her son for her wrongful death. The recovery by the administrator of Carol Lynn Hale must be reduced by the father's distributive share after the payment of funeral expenses and administrative costs. The recovery by the administrator of Mrs. Susan Hale should be reduced by her son Henry's distributive share, remaining after the payment of funeral expenses and administrative costs. Bays et al. v. Cox's Adm'r, supra; KRS 411.130.

The further question arises, however, in the case of Carol Lynn Hale as to whether the negligence of her father should be imputed to her mother, so as to bar recovery for the benefit of the mother. The question of imputed neligence is not a new one; the decisions in this state and elsewhere are somewhat in conflict. The better rule, as announced by this court in the case of Louisville Railway Co. v. McCarthy, 129 Ky. 814, 112 S. W. 925, 19 L. R. A., N. S., 230, 130 Am. St. Rep. 494 and Cox's Adm'r v. Cincinnati, N. O. & T. P. R. Co., 238 Ky. 312, 37 S. W. 2d 859, and cases cited therein, is that negligence is not to be imputed by reason of the marital relation alone. In the McCarthy case we said (129 Ky. 814, 112 S. W. 926): "A husband and wife may undoubtedly sustain such relations to each other in a given case that the negligence of one will be imputed to the other. The mere existence of the marital relation, however, will not have that effect."

Appellant in a well considered brief has referred us to cases taking an apparently opposite view of the matter. Most of these cases are collected and cited in Brown McClain Transfer Co. v. Major's Adm'r et al., 251 Ky. 741, 65 S. W. 2d 992, and the latest case on the subject is Wheat's Adm'r v. Gray et al., 309 Ky. 593, 218 S. W. 2d 400, 7 A. L. R. 2d 1336. In these cases it was held that where a child is killed due to the negligence of a third party and one of its parents is contributorily negligent in permitting the child to be in a place of danger, such contributory negligence will be imputed to the other parent. Such cases rest on a theory of agency as between husband and wife in the control of the child in such a situation; but these holdings are clearly distinguishable from the case at bar. We are not disposed to extend the rule imputing negligence as between husband and wife any further than the bare limits of the situations involved in those cases. Unless there be something more shown than the marital relation or a parent-child relation, negligence should not be imputed by the modern view as followed by most courts, including this court. 16 Am. Jur. 93, Death, Sec. 135; 38 Am. Jur. 925, Negligence, Sec. 239.

For the reasons set out above the demurrer in each case was improperly sustained and the judgments are reversed for proceedings consistent herewith.

Judgment reversed.