## Garrison v. Dixie Traction Co. (two cases)

June 6, 1950.

Rehearing Denied October 31, 1950.

Rodney G. Bryson, Judge.

William B. O'Neal, for appellant.

Arthur J. Daly for appellee.

JUDGE KNIGHT—Reversing.

These suits arose out of the same accident and were tried together. Appellant Gary Duncan Garrison, four years of age, brought suit through his father and next friend for $5000 damages for personal injuries

sustained in the accident. Appellant, C. William Garrison, brought suit for damages for personal injuries, damages to his automobile and for the loss of its use, totaling $5911.32. The negligence complained of in the petition in each case was that appellee's agent or servant negligently brought the motor bus he was driving to a sudden and abrupt halt without displaying the proper signal of his intention so to do resulting in the collision of the car driven by appellant C. William Garrison with appellee's bus. Appellee denied the allegations of the petitions and pleaded contributory negligence of appellant C. William Garrison, driver of the car in his own case, and in the son's case, that his injury was caused by the sole negligence of C. William Garrison, driver of the car in which the son was riding. A reply filed in each suit made up the issues.

The cases were tried before a jury and at the conclusion of all the evidence, the court peremptorily instructed the jury to find for appellee in each case. Appellants prosecute this appeal from a judgment based on that verdict, contending that the court erred in directing a verdict for appellee and in admitting improper evidence.

Appellee operates a municipal transportation system, by motor bus, between northern Kentucky cities in Kenton and Campbell counties and Cincinnati. The accident involved occurred on Sunday morning, November 16, 1947, between 10:30 and 11:00 o'clock when one of its buses was making a regularly scheduled run from Erlanger to Cincinnati on Dixie Highway, a four lane, concrete highway, approximately forty feet wide. At Fort Mitchell, one of the towns served on the route, the bus, traveling north, made a stop at the northwest corner of Highland Cemetery to pick up a waiting passenger. This is a regular stop and has been such for many years, and is called in the record the "power house" stop, although appellant's testimony indicates that there is no sign there showing it to be a regular bus stop. All the testimony of appellee is that as the bus approached the stop, it slowed down gradually, came to a stop, its passenger boarded the car and presented her fare and was receiving her change when the automobile driven by appellant C. William Garrison crashed into the left rear end of the bus, causing the damage complained of. There were a good many pas-

sengers on the bus at the time and such as testified said there was no sudden stop of the bus before the crash. None testified to the contrary. According to appellee's evidence the bus was a modern one with the usual controls on the dash, and all of appellee's evidence showed that it was in good condition with two red stop lights operated by brake pressure and two red reflectors; that the bus was clean and the road was dry at the time of the accident; that the operation of the bus was a normal one, including the stop for picking up the passengers.

The only evidence produced by appellants as to how the accident occurred was the testimony of appellant C. William Garrison who testified that he was driving behind the bus at a speed of approximately thirty-five miles per hour, the same speed at which the bus was shown to have been traveling, and at a distance of approximately fifty feet behind the bus; that without any signal or warning of any kind the bus came to an abrupt and sudden stop and before he could do anything about it he slammed into the bus; that if any stop lights came on when the bus stopped he did not see them because of the coating of mud on the bus which he says obscured the signals. He was corroborated to some extent, that the back of the bus was dirty, by the testimony of his witness, Mrs. Wilson, a bus passenger, who testified that she could not see out the back window of the bus when she attempted to see what had happened when she heard the impact. She also said that when she reached Cincinnati she observed the outside of the bus and there was mud over the back of the bus. All of appellee's evidence is to the contrary.

Two well defined issues are thus raised by the evidence, and these are whether the bus was abruptly halted as it approached the intended stop, and that if the driver gave the stop signal, was it so obscured by dirt that it could not be seen. While the weight of the evidence was that there was no sudden stoppage of the bus as it approached the "power house" stop and that the bus was clean so that its stop lights could be seen, the majority of the court is of the opinion that the testimony of appellant C. William Garrison, that the bus did on that occasion make a sudden and abrupt stop, and the testimony of his witness, Mrs. Wilson, and him-

568

self, that the stop signals were so obscured by mud that they could not be seen, was sufficient to take the case to the jury. The issues of fact, whether the bus did or did not stop suddenly and whether the stop signal required by KRS 189.050 was so obscured by mud as to render it ineffective in this particular case, were for the jury.

The admission of incompetent evidence complained of by appellants related to a photograph of the bus involved in the accident which was taken two days after the accident. The purpose of this photograph, filed as an exhibit, was to show that the bus was clean when the accident occurred and not dirty so as to obscure the stop lights, as appellants contended. While there was some evidence that the bus was in the same condition when the photograph was taken as when the accident occurred, we do not think the evidence along that line was satisfactory, being largely negative testimony. Those testifying said the bus had not been washed or changed to their knowledge. We think the photograph, taken two days after the accident, was improperly admitted as showing its condition as to cleanliness on the day of the accident.

Wherefore the judgment is reversed in both cases for proceedings consistent with this opinion.