**HARRALSON   v.   THOMAS, Adm'r.**

Court of Appeals of Kentucky.

June 18, 1954.

Hubert Meredith, Greenville, for appellant.

John F. Wood and Randolph Kramer, Owensboro, for appellee

CLAY, Commissioner.

This case is somewhat unique. It is a suit by the personal representative of the defendant's infant daughter to recover damages for her wrongful death caused by the alleged negligence of defendant's minor son in the operation of defendant's family purpose automobile. The jury returned a $10,000 verdict for the plaintiff.

Because of its importance the Court requested the parties to file briefs directed to the question of whether or not an unemancipated minor child has a cause of action against its parent for a personal tort arising out of ordinary negligence in the operation of a motor vehicle. The plaintiff did not see fit to honor the request.

The research of defendant's counsel and our own indicates this issue has not heretofore been directly presented or decided in Kentucky. In the case of Hale v. Hale, 312 Ky. 867, 230 S.W.2d 610, the recovery of an infant child in a similar suit against its parent was upheld, but the issue we have raised was not discussed or decided in the opinion. We have very recently upheld in Brown v. Gosser, Ky.1953, 262 S.W.2d 480 (by a divided court), the right of a married woman to sue her husband for a similar tort. For reasons to be hereafter noted, that decision is not controlling here.

Our first question concerns the nature of the right of action created by Section 241 of the Kentucky Constitution and KRS 411.130. While they authorize the assertion of a claim on behalf of the decedent's personal representative which would not have survived under the common law, it has been held that these two provisions simply extended beyond his death substantially the same cause of action the injured party may have had if he survived. Louisville Ry. Co. v. Raymond's Adm'r, 135 Ky. 738, 123 S.W. 281, 27 L.R.A.,N.S., 176. For that reason the plaintiff's claim in this case depends upon the infant child's right to sue her father if she was living.

The basic problem is whether or not an unemancipated infant child may sue its parent for a tort of this character. As a matter of first impression we are confronted with an amazing array of conflicting authorities. A most thorough analysis of the question may be found in 19 A.L.R.2d 423. In this Note it is pointed out that the rule generally followed is that an unemancipated minor cannot maintain an action against his parent for damages involving ordinary negligence, particularly in automobile accident cases. See especially pages 439 and 442 of that Note. This general rule is likewise stated in 39 Am.Jur., Parent and Child, Section 90.

As further pointed out in the cited Note, while many cases refer to the principle as one of common law, there appear to have been no English decisions establishing it and practically no American cases on the question prior to 1891. See Dunlap v. Dunlap, 84 N.H. 352, 150 A. 905, 71 A.L.R. 1055. There are some indications of a modern tendency to abandon the rule. See the Dunlap case just cited and Cowgill v. Boock, 189 Or. 282, 218 P.2d 445, 19 A.L.R.2d 405. However, we have recently recognized the principle that a parent may not sue his unemancipated minor child for a tort. Thompson v. Thompson, Ky.1954, 264 S.W.2d 667.

In spite of the arguments pro and con, this Court is unwilling to abandon the principles supporting the general rule accepted in so many other jurisdictions. In our recent case of Brown v. Gosser, Ky.1953, 262 S.W.2d 480, the general policy problem and the differing views were thoroughly considered. In that case the majority of the Court upheld the suit by a wife against her husband on the ground that the legislature (in KRS 404.020 and Section 34 of the former Civil Code) had authorized the wife to bring this sort of suit against her husband.

We are of the opinion that a general public policy, in the absence of legislation changing it, justifies denial of the right of a minor child to sue its parent for such a tort. We are not convinced by the reasoning of some opinions that in this modern automotive age, with liability insurance in the background, such suits should be permitted because they hurt nobody but the insurance companies. We are also cognizant of the difficulties that arise in apportioning the recovery in such a manner that

the parent does not financially benefit from his own wrong.'

Recent cases in this Court have made us aware that certain established principles of tort liability are somewhat awkwardly applied in automobile negligence cases where liability insurance is shown or may exist. The increasing complexity of highway travel has brought on many new problems in the adjudication of rights, and perhaps the automobile in all its aspects should be placed in a category different from that of other instrumentalities. However, that is a matter for legislative action and this Court is not inclined to initiate a new set of motor vehicle rules.

Applying what we consider sound and established principles, which would deny the right of a minor child to sue its father for injuries sustained if it fell down the back steps which were negligently repaired by him, we have decided the plaintiff had no cause of action against the defendant.

In his answer defendant pleaded the family relationship as a bar, and this constituted a valid defense. The trial court could perhaps have entered judgment on the pleadings, but having failed to do so, it should have sustained defendant's motion for a directed verdict.

The judgment is reversed.