**HARLAN NATIONAL BANK, As Administrator of the Estate of Ronald Gross, Deceased, Appellant,**

v.

**Kenneth GROSS, Appellee.**

Court of Appeals of Kentucky.

March 17, 1961.

As Modified on Denial of Rehearing
June 9, 1961.

Greene & Green, Harlan, for appellant.

Glenn W. Denham, Middlesboro, for appellee.

CLAY, Commissioner.

This suit was brought by appellant, the administrator of a deceased infant's estate against the child's father to recover damages for wrongful death allegedly caused by the father's negligence in an automobile accident. The trial court rendered judgment on the pleadings for the father on the ground that an action in tort on behalf of an unemancipated infant against its parent will not lie.

The basic issue in this controversy was decided in Harralson v. Thomas, Ky., 269 S.W.2d 276, wherein we held a suit of this nature could not be maintained by the administrator of an infant's estate. Appellant contends that decision is unsound because it (1) denies a right granted by section 241 of the Kentucky Constitution and KRS 411.130, (2) is in conflict with prior decisions of this Court, and (3) is based on a common-law rule which cannot properly be extended to a death case. Upon careful reconsideration of the problem, we find merit in each of appellant's arguments.

In American jurisprudence there is a well-recognized principle, founded upon public policy, that an unemancipated child cannot sue its parent for a personal tort. 39 Am.Jur., Parent and Child, section 90, page 735. Apparently this rule is based upon the "common law", but its source in the English common law is uncertain if not non-existent. See Dunlap v. Dunlap, 84 N.H. 352, 150 A. 905, 71 A.L.R. 1055. However, we have accepted that rule in Kentucky. Harralson v. Thomas, Ky., 269 S.W.2d 276. We are also committed to the reciprocal principle that a parent may not maintain a tort action against his minor child. Thompson v. Thompson, Ky., 264 S.W.2d 667.

It is appellant's contention that even though we deny the right of a *living* infant to sue its parent, the Constitution and the statute have in effect created a new cause of action which may not be restricted by judicial concepts of public policy. See 16 Am.Jur., Death, section 61, page 48. In addition, it is urged that the supposed public policy supporting the common-law rule is no longer violated after the child is dead.

Robinson's Adm'r v. Robinson, 188 Ky. 49, 220 S.W. 1074, was a suit by the administrator of a deceased wife for death caused by the tortious act of the husband. We therein pointed out that section 241 of the Constitution (and the statute enacted thereunder (KRS 411.130(1)) had unequivocally created a cause of action which could not be abridged or defeated by a common-law rule.

In Hale v. Hale, 312 Ky. 867, 230 S.W. 2d 610, suit was brought by the administrator of the defendant's mother and daughter, both of whom were killed in an automobile accident allegedly caused by defendant's negligence. In that opinion we said that any common-law disability was not applicable to suits for wrongful death, and the reasoning in the Robinson case was equally applicable to a suit by the parent's administrator against his child or by a child's administrator against his parent. Although we sought to distinguish the Hale case in Harralson v. Thomas, Ky., 269 S.W.2d 276 (because the stated question presented a different issue), we cannot now discover a sound basis for distinction. The latter case conflicts with the decisions in both the Robinson and Hale cases.

In the Harralson case we took the view that section 241 of the Kentucky Constitution and KRS 411.130 simply extended beyond death the same cause of action the injured party may have had if he survived, and since the child had no cause of action if living, it could not have been perpetuated after death. See 16 Am.Jur., Death, section 61, page 47. Our basic assumption was that the Constitution and statute did no more than create a new *remedy* to assert a right theretofore existing. This was substantially the language used in Louisville Ry. Co. v. Raymond's Adm'r, 135 Ky. 738, 123 S.W. 281, 27 L.R.A.,N.S., 176. That case, however, involved a different question. To say that for certain purposes the Constitution and the statute may be considered as perpetuating a right which existed before death does not necessarily mean that there was not also created a new right independent of a pre-existing one. The law properly may be construed to accomplish both objectives.

We can discover no valid reason for restricting the scope of section 241 of the Constitution and KRS 411.130 to the extension of a theretofore existing right. On the other hand, the reason for denying a cause of action in tort by a living child against its parent no longer applies to a suit by the child's administrator. The rule of non-liability is based upon a public policy to protect from disruption a family relationship. This potential evil is removed by the death of the child. Consequently there is no longer such a public policy objection to a claim asserted by an administrator. Robinson's Adm'r v. Robinson, 188 Ky. 49, 220 S.W. 1074. See also Davis v. Smith, D.C., 126 F.Supp. 497.

We are therefore of the opinion that under section 241 of the Constitution and KRS 411.130 the administrator of a deceased infant's estate has a cause of action against its parent for wrongful death caused by the latter's negligence. Harralson v. Thomas, Ky., 269 S.W.2d 276, to the extent of conflict with this opinion, is overruled. Although the question is not before us, it may be noted that in the event of a recovery the parent held liable cannot receive the benefits of such recovery as a designated beneficiary under the statute. See Hale v. Hale, 312 Ky. 867, 230 S.W.2d 610.

We think it proper to state that the circuit court correctly adjudicated this issue in reliance on our latest applicable decision, and the error we now find in the judgment was our own.

The judgment is reversed for consistent proceedings.

STEWART, J., dissents.