Shelby McCALLUM, Administrator of the Estate of Virgil Harris, Appellant,

v.

Golene HARRIS, Administratrix of the Estate of Rhonda Faye Harris, Appellee.

Court of Appeals of Kentucky.

April 17, 1964.

Rehearing Denied June 26, 1964.

Terry L. Hatchett, Glasgow, for appellant.

Charles Allen Williams, Paducah, Beverly M. Vincent, Brownsville, for appellee.

DAVIS, Commissioner.

Virgil Harris was killed in an automobile accident on February 10, 1959. In the same accident his infant daughter, Rhonda Faye Harris, 18 months old, lost her life. The present appeal is from a judgment of the Edmonson Circuit Court, which awarded $15,500 to the appellee, as administratrix of the estate of Rhonda Faye Harris against appellant, administrator of the estate of Virgil Harris. We shall discuss the numerous questions submitted in the course of the opinion.

Virgil Harris was a crane operator at a plant in Calvert City; he had worked his regular shift from 4:30 p. m. until 12:30 a. m. on the early morning of the accident. He drove about fifteen miles from his work to his home near Benton, where he was joined by his wife, Golene Harris, and their three small children,

aged four months, eighteen months and four years. The entire family then proceeded en route to Shelbyville to visit Mrs. Harris' brother. Virgil Harris was the driver of the automobile; seated with him on the front seat were Mrs. Harris and one of the children. The other two children, including Rhonda Faye, were on the back seat.

The family journeyed without incident until about 4:30 a. m. Then, at a point about 4.2 miles south of Park City on U. S. Highway 31–W, the automobile collided head-on with a tractor-trailer outfit owned by C & D Motor Delivery Company, driven by Lloyd Dowdy. Both Virgil Harris and Rhonda Faye Harris were dead just after the impact. There is no evidence as to which survived the other. The Harris car was demolished; Mrs. Golene Harris suffered some injuries, but none of a permanent nature. The car and truck collided left front to left front. Each of the vehicles came to rest after the accident on the east side of the highway. The east side of the highway was the right side for the Harris car.

Golene Harris, mother of Rhonda Faye Harris and surviving widow of Virgil Harris, qualified as administratrix of Rhonda Faye. As administratrix she sued the administrator of Virgil Harris and C & D Motor Delivery Company, seeking damages for the wrongful death of Rhonda Faye, in the sum of $30,000. In the same complaint Golene Harris sought $2,500 from the same defendants for her own personal injuries.

The appellant, administrator of Virgil Harris, moved the trial court for dismissal of the complaint against him as to the claim for the death of Rhonda Faye. The trial court sustained the motion, and on June 26, 1961, entered an order dismissing the complaint of appellee, administratrix of Rhonda Faye Harris. The court dismissed the complaint on the ground that Rhonda Faye Harris was the unemancipated child of Virgil Harris and no cause

of action existed for her death alleged to have been caused by her deceased father. The trial court's ruling followed our decision in Harralson v. Thomas, Adm'r, Ky., 269 S.W.2d 276. Appellee's counsel endorsed his approval of the form of the order at the time of its entry. The dismissal order did not contain any recital that it was final. CR 54.02.

On June 9, 1961, our decision in Harlan National Bank v. Gross, Ky., 346 S.W.2d 482, became final; it overruled Harralson, supra. On November 13, 1961, appellee moved the trial court to set aside its dismissal order of June 26, 1961, in light of the decision in Harlan National Bank v. Gross, supra. The trial court sustained the motion, set aside the order dismissing the complaint of appellee, and caused the case to be set for trial. Appellant contends that the trial court had no authority to set aside the June 26th order. We do not agree.

The action was a multiple claims action within the purview of CR 54.02; the June 26th order disposed of part of the claims, but not all of them. By the express terms of CR 54.02 the trial court retained complete authority over the order until entry of judgment adjudicating all the claims.

Appellant contends that Golene Harris gave testimony absolving Virgil Harris from negligence, and is thus barred by her judicial admission. Wandling v. Wandling, Ky., 357 S.W.2d 857; Bell v. Harmon, Ky., 284 S.W.2d 812; and Tompkins v. Knut, C.C., 94 F. 956, are relied upon by appellant. It is true that in a pretrial deposition, as well as by her testimony at the trial, Golene Harris failed to detail any negligent act of Virgil Harris to which she could ascribe the accident. However, the true import of her evidence is of a negative character; that is, she simply testified as to an absence of knowledge about the crucial facts of the accident. The evidence given by Golene Harris may not be said to be "deliberate and unequivocal and unexplained." Bell v. Harmon, supra. Neither may

it be said that Golene Harris was in a favorable position to observe accurately what occurred. Although she was seated in the front seat of the automobile, she explained that she was blinded by the lights of the oncoming truck. It is our conclusion that her evidence does not amount to a judicial admission. We note, without deciding, that there is question whether her evidence as an individual could be a judicial admission as to her representative position as administratrix.

Appellant asserts that Golene and Virgil Harris were on a joint venture, so that the negligence of Virgil, the husband, is attributable to Golene. We find no merit in this contention. In McCoy v. Carter, Ky., 323 S.W.2d 210, we pointed out that joint enterprise presupposes not only a community of interest but also equal right, express or implied, to direct and control the management of the car. There was a complete absence of any such showing here.

Appellant vigorously urges that Golene Harris was guilty of contributory negligence. This theory is advanced on the premise that she knew that her husband had labored at his regular job and then had undertaken the long automobile trip without rest or food. That appellant has misconceived the applicable rule here is shown by his reliance on New York Indemnity Co. v. Ewen, 221 Ky. 114, 298 S.W. 182. In the Ewen case there was specific evidence that the accident was caused by the reckless speed of the driver, and that the passenger knew of the driver's habit of speeding. Moreover, in Ewen, we set out a proper instruction for submission of the contributory negligence issue raised by the evidence. In the case at bar there was no such issue raised, as there was not the slightest evidence reflecting anything but perfectly normal and proper driving by Virgil Harris until just the moment before the collision. See Southern Oxygen Co. v. Martin, 291 Ky. 238, 163 S.W.2d 459.

It is next contended that since Rhonda Faye Harris was under the joint

custody and control of her parents, the negligence of the father must be imputed to the mother. In Hale v. Hale, 312 Ky. 867, 230 S.W.2d 610, we said that negligence of one spouse is not to be imputed to the other in such cases by reason of the marital relationship alone. Our re-examination of the principles announced in the Hale case confirms the soundness of its rationale. Here the child was not permitted to be in an abnormally dangerous place as in Wheat's Adm'r v. Gray, 309 Ky. 593, 218 S.W.2d 400, 7 A.L.R.2d 1336.

Lloyd Dowdy, driver of the C & D truck, testified that the Harris car veered to its left side of the highway and struck the truck at a point some 5 feet 7 inches into the truck's traffic lane. This testimony was substantially corroborated by testimony from a State trooper as to the tire marks in the road. The trooper unequivocally testified that he was able to identify the marks in the highway and traced them to the respective vehicles. Appellant relies on Union Underwear Co. v. Barnett, 285 Ky. 488, 148 S.W.2d 339, for his contention that the trooper's evidence was incompetent. We disagree. In the Barnett case there were marks in the highway, but nobody was able to relate the marks to either of the vehicles with any certainty. There the marks merely raised a possibility that the truck could have been on the wrong side of the road. In the case at bar the eyewitness evidence of Dowdy, coupled with the trooper's testimony in which he identified the marks, removes the element of speculation present in the Barnett case.

Appellant complains of the instructions given and the refusal of others offered. Since the bases for the arguments on the instructions are the same as those already mentioned, we refrain from detailed discussion of the contentions. It suffices to say that we have carefully considered the instructions given and those offered, and find that the issues were fairly and properly presented.

Appellant insists that a compromise settlement with C & D Motor Delivery Company by Golene Harris, administratrix of Rhonda Faye Harris, bars the appellee in the instant case. The settlement release reflects that the claim against C & D Motor Delivery Company was compromised for $1,000. However, the release clearly recites that it is a partial settlement only, and that the right to prosecute the claim against the present appellant is fully reserved. Under the well-recognized rule, a partial settlement with one tort-feasor does not release another tort-feasor, if the settlement is not received in full satisfaction of the claim. Louisville Gas & Electric Co. v. Beaucond, 188 Ky. 725, 224 S.W. 179; 45 Am.Jur., Release, § 36, et seq.; 16A Ky. Digest, Release,

It is next asserted that a compromise settlement made with C & D Motor Delivery Company by McCallum, as administrator of Virgil Harris, precludes recovery in the instant case. It is shown that $7,800 was paid in behalf of C & D Motor Delivery Company to the administrator of Virgil Harris. Since Golene Harris, surviving widow of Virgil Harris, was a monetary beneficiary of that settlement, it is reasoned that she cannot be heard to assert that Virgil Harris was negligent. Appellant's counsel candidly concedes that the argument is novel. We believe it is unsound here for at least three reasons: Golene Harris, as an individual and as administratrix of Rhonda Faye Harris, had no control over the compromise settlement made by the administrator of Virgil Harris with C & D Motor Delivery Company; the well-established policy of law favoring compromise of issues would be frustrated by application of the principle urged; evidence of such a compromise would not be admissible. Whitney v. L. & N. R. Co., 296 Ky. 381, 177 S.W.2d 139; Burgess v. Consider H. Willett, 311 Ky. 745, 225 S.W.2d 315.

Appellant maintains that the verdict of $15,500 is excessive. It is argued

that since the child was of such tender years the jury could resort only to speculation in assessing damages. Admittedly, the jury's task in such cases is not free from difficulty. However, we are fully committed to the proposition that recovery may be had for the wrongful death of a minor. KRS 411.130; Phillips' Committee v. Ward's Adm'r, 241 Ky. 25, 43 S.W.2d 331; Ashland Sanitary Milk Co. v. Messersmith's Adm'r, 236 Ky. 91, 32 S.W.2d 727; Union Transfer & Storage Co. v. Fryman's Adm'r, 304 Ky. 422, 200 S.W.2d 953. Further research of the various ramifications of this problem may be had by reference to the annotation in 14 A.L.R.2d 485, et seq.

In 1930 we upheld a verdict of $15,000 for the death of a girl ten years old. Ashland Sanitary Milk Co. v. Messersmith's Adm'r, 236 Ky. 91, 32 S.W.2d 727. In 1947 we sustained a $20,000 verdict in a death case involving a nine-year-old boy. Union Transfer & Storage Co. v. Fryman's Adm'r, 304 Ky. 422, 200 S.W.2d 953. In those cases we pointed out that consideration is to be accorded changing economic conditions. The verdicts just mentioned in the years just mentioned dispel the thought that the instant verdict is so excessive as to reflect at first blush that it resulted from passion or prejudice. CR 59.01(4).

Appellant complains that it was error to admit certain photographs in evidence. In this respect it is claimed that, while the photographs themselves were properly admitted, error was committed in allowing the trooper to "interpret" and "explain" them. In support of his position, appellant calls to our attention Hillman v. Hall, 311 Ky. 790, 225 S.W.2d 667, and Garrison v. Dixie Traction Co., 313 Ky. 565, 232 S.W.2d 997. However, these authorities do not support the view taken by appellant in this case. We find no merit in this point.

An interesting and unique question is raised by appellant whether the judgment should be reduced. It will be recalled that there was no evidence touching the question as to whether Virgil Harris survived Rhonda Faye Harris, or vice versa. KRS 397.010 provides as follows:

"Where the title to property or the devolution thereof depends upon priority of death and there is no sufficient evidence that the persons have died otherwise than simultaneously, the property of each person shall be disposed of as if he had survived, except as provided otherwise in this chapter."

The statute deals with the title or devolution of property. However, the case at bar deals with a right of action for wrongful death pursuant to KRS 411.130. Obviously, the decedent could have no property in a cause of action for his own death, since such cause arises only upon the wrongful death of the deceased. Such cause of action was not known to the common law, but in general results from Lord Campbell's Act; it is now embodied in Kentucky Constitution, § 241. Statutory implementation of the constitutional provisions is found in KRS 411.130 just mentioned.

It will be seen that KRS 411.130(2) (d) is applicable to the case at bar, since Rhonda Fay Harris had no widow, husband nor child to survive her. Under such circumstances the cited statute directs that recovery for wrongful death shall "pass to the mother and father of the deceased, one moiety each, if both are living; if the mother is dead and the father is living, the whole thereof shall pass to the father; and if the father is dead and the mother is living, the whole thereof shall go to the mother." We said in Sharp's Adm'r v. Sharp's Adm'r, Ky., 284 S.W.2d 673, that the person entitled to benefits under the statute is to be determined at the time of the death of the person wrongfully killed.

In order to show that Golene Harris, as surviving mother of Rhonda Faye Harris, is entitled to the *entire* recovery, rather than one moiety, it is necessary to show that Virgil Harris, father of Rhonda Faye Harris, was dead at the time of the

death of Rhonda Faye. It is upon that condition precedent that the surviving mother is entitled to take the whole recovery. The failure to establish that condition precedent is fatal to the right of the mother to receive *all* of the recovery. In this record there has been no affirmative showing that Rhonda Faye Harris survived her father—nor is there any evidence to reflect that he survived the child. The Uniform Simultaneous Death Act (KRS Chapter 397) presents no solution to the instant problem, since it deals with the title to or devolution of property—as distinguished from the statutory right of recovery for wrongful death, which was never property of which title was in the decedent. We are left with resort to the common law rule, long recognized in this jurisdiction, that under such circumstances there is *no* presumption of survivorship in such common disaster cases. Colovos' Adm'r v. Gouvas, 269 Ky. 752, 108 S.W.2d 820, 113 A.L.R. 871.

 As pointed out in the Colovos case, the law treats the case as one to be established by evidence, and lays the burden of proof on him who claims survivorship. In the absence of proof to sustain that burden, the claimant's case fails. So here, the burden was upon appellee to affirmatively establish that Virgil Harris died before Rhonda Faye Harris in order to establish entitlement to *all* of the recovery from the appellant, who is the personal representative of the *father* of the same decedent. The instant suit is tantamount to the assertion that Virgil Harris died before Rhonda Faye Harris, else it could state a cause of action for only one moiety of the recovery. Therefore, the failure to demonstrate that Rhonda Faye Harris survived Virgil Harris precludes recovery of the moiety which would have been Virgil Harris' portion as the survivor of Rhonda Faye.

For this reason, the judgment of $15,500 should be reduced to $7,750, to represent the moiety recoverable in behalf of Golene Harris as surviving mother of Rhonda Faye Harris. However, it is also made to appear that the sum of $1,000 was paid by C & D Motor Delivery Company to appellee as partial settlement of the claim for the wrongful death of Rhonda Faye Harris. As noted, that settlement was negotiated on the specific premise that it was not a complete settlement. Under the rule applicable to such situations, it must be treated as a *pro tanto* settlement of the entire claim for the wrongful death of Rhonda Faye Harris. Standard Sanitary Mfg. Co. v. Brian's Adm'r, 224 Ky. 419, 6 S.W.2d 491; 104 A.L.R. 931, et seq.

Under the circumstances shown, the verdict and judgment of $15,500 represented the jury's determination of the value of the entire wrongful death claim. The present appellee, as administratrix of Rhonda Faye Harris, has already received $1,000 of that total; moreover, she is entitled to recover only $7,750 in the aggregate, thus leaving due the sum of $6,750.

Therefore, the judgment is affirmed in part and reversed in part, with direction to modify the judgment in conformity with this opinion.