**CITY OF LOUISVILLE, Appellant,**

v.

**Alvin J. STUCKENBORG, Jr., Administrator of the Estate of Debra Lynn Stuckenborg, Deceased, et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 13, 1968.

Rehearing Denied March 28, 1969.

Eugene H. Alvey, Director of Law, W. A. Stephenson, Asst. Director of Law, Louisville, for appellant.

J. J. McCarthy, William R. Price, Louisville, for Alvin J. Stuckenborg, Jr., Adm'r.

Victor W. Ewen, Thomas G. Mooney, Jones, Ewen & Mackenzie, Louisville, for Louisville Water Co.

MONTGOMERY, Chief Justice.

Alvin J. Stuckenborg, Jr., as the administrator of the estate of Debra Lynn Stuckenborg, deceased, and Wilma Maria Stuckenborg sued the City of Louisville and the Louisville Water Company for damages for the death of Debra Lynn Stuckenborg in the sum of $50,070, and for injuries to Wilma Maria Stuckenborg in the sum of $500. After all testimony had been introduced, a directed verdict was rendered in favor of the Louisville Water Company, and a jury verdict was returned in favor of the administrator in the sum of $25,000 against the City. The jury was not instructed on the $500 claim of Wilma. Its disposition is not clear. The City appeals and urges that its cross-claim against the Water Company should not have been dismissed and that the judgment against it should be reversed. The numerous questions raised will be discussed in the course of the opinion.

On January 7, 1963, during daylight hours, Wilma, then pregnant with the deceased infant, Debra Lynn, fell on the sidewalk on the north side of Chestnut Street between Fourth and Fifth Streets in Louisville. The baby was due to be born on February 17, 1963. It was born three days after Wilma fell and lived four days, dying on January 14, 1963. The administrator and Wilma claim that the City and Water Company were negligent in permitting a defect in the sidewalk to remain without repair. The City claims that Wilma was also negligent.

■ A "viable" unborn child is an entity in the meaning of the general word "person" within the Wrongful Death Statute, which provides that whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it. Kentucky Constitution, Section 241; KRS 411.130; Mitchell v. Couch, Ky., 285 S.W. 2d 901.

Thus, it becomes necessary to determine whether there was evidence of negligence on the part of the mother, Wilma, the City, and the Water Company sufficient to present each such issue to the jury. Appellant urges also that the evidence was insufficient to present a jury question as to whether the fall and subsequent death were the proximate result of the alleged defect.

Just prior to falling, Wilma was walking westwardly on the north side of the sidewalk on the north side of Chestnut Street.

Her mother-in-law was walking on Wilma's left. They were approaching a driveway which crossed the sidewalk.

The sidewalk was constructed of concrete, marked off in three rows of blocks or slabs. The north and middle rows of blocks were four feet square, while in the south row the blocks were four feet by three feet, nine inches. The north and middle blocks next to the driveway were badly cracked. The middle block appears from a photograph introduced to have been put down at a different time than was the remainder of the walk. Both the middle and north blocks had sunken below the level of the driveway and the rest of the sidewalk. The north block was flush with the level of the sidewalk at its northeast corner and was one-fourth inch lower at its southeast corner. The west edge of the north block was one and one-half inches to one and three-fourths inches lower than the edge of the driveway. Dirt had accumulated in the sunken area. The area was later covered with asphalt by the City.

Wilma's testimony concerning her fall is as follows: "We were walking down the street and talking about where to catch the bus and as I—as we got near this street I tripped and tried to catch myself but I was unable to do so and landed on my stomach." She located the place of the fall as being just before she reached the driveway. Her mother-in-law had told her to look over toward the bus stop, and Wilma said that she was looking at the bus stop when her mother-in-law pointed it out to her. She did not remember whether she was looking at the bus stop when she fell or just prior to falling. She could locate the place of falling only as on the north side of the walk just before reaching the driveway. Her mother-in-law testified that Wilma's feet were six inches from the street defect and on the driveway when she fell. There was testimony to the effect that the variation in the elevation of the north block of the sidewalk and the edge of the driveway was directly in Wilma's path. The photograph introduced clearly shows the situation.

█ There was evidence to the effect that the Louisville City Works Director and Engineer had knowledge of the sidewalk defect; that it was dangerous; and that the condition had existed for five years. These circumstances are sufficient to constitute notice to the appellant. Louisville Water Company v. Cook, Ky., 430 S.W.2d 322. The appellant does not question the finding of negligence on its part. The question of whether the defect was the proximate cause of the fall was properly submitted to the jury.

██ Appellant insists that Wilma was contributorily negligent. The court several times recently has considered the question of whether one who falls is contributorily negligent as a matter of law. The rule is that a person is not relieved of the duty to exercise ordinary care for one's own safety and is not licensed to walk blindly into a danger which is obvious to a person of ordinary prudence; therefore, one with good eyesight and an unobstructed view who falls into, stumbles over, or is tripped up by something which is in plain view on a public sidewalk is contributorily negligent as a matter of law. Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405; Southern Bell Telephone & Telegraph Company v. Walters, Ky., 413 S.W.2d 615; Morton v. Allen Construction Company, Ky., 416 S.W.2d 733; Cassidy v. Briar Bowl, Incorporated, Ky., 424 S.W.2d 808. The fact that Wilma's attention may have been diverted toward the bus stop across the street did not license her to walk into an obvious danger.

█ The photograph clearly shows the difference of elevation between the north block of the sidewalk and the driveway. The difference extended over four feet across Wilma's path. It is emphasized by the cracks in the sidewalk and especially by the accumulation of dirt which shows as a darkened area extending from the higher

edge of the driveway several inches in the direction from which Wilma approached. Under the circumstances, the trial court should have held that Wilma was guilty of contributory negligence as a matter of law.

■ The effect of holding Wilma guilty of contributory negligence is that it bars any recovery for her share by the administrator of the estate under the Wrongful Death Act, KRS 411.130. Totten v. Parker, Ky., 428 S.W.2d 231, and cases collected therein. See also Moore v. Citizens Bank of Pikeville, Ky., 420 S.W.2d 669.

■ Appellant contends that any contributory negligence of the mother, Wilma, should also be imputed to the father of the child, thus barring him from any recovery for his share in the child's estate. The question was considered in McCallum v. Harris, Ky., 379 S.W.2d 438, wherein recovery was allowed the child's estate for the benefit of the mother against the father's estate because of the father's negligence. The court said:

"* * * In Hale v. Hale, 312 Ky. 867, 230 S.W.2d 610, we said that negligence of one spouse is not to be imputed to the other in such cases by reason of the marital relationship alone. Our re-examination of the principles announced in the Hale case confirms the soundness of its rationale. Here the child was not permitted to be in an abnormally dangerous place as in Wheat's Adm'r v. Gray, 309 Ky. 593, 218 S.W.2d 400, 7 A.L.R.2d 1336."

■ Where there is a recovery as here, the parent who is contributorily negligent cannot receive the benefits of such recovery as a designated beneficiary under the statute. Hale v. Hale, 312 Ky. 867, 230 S.W.2d 610; Harlan National Bank v. Gross, Ky., 346 S.W.2d 482.

The City of Louisville by cross-claim asked that the Water Company be held liable for one-half of any recovery. At the conclusion of all of the testimony, the Water Company received a directed verdict of which the City complains on appeal.

The City seeks to place liability on the Water Company on the theory that a water service line had been installed under the sidewalk and had contributed to the dangerous condition. The water service was installed in 1893. The water meter vault was installed in 1934. No further excavation was done by the Water Company after 1934. The building formerly on the abutting property and to which the water service was originally connected was wrecked in 1954, and the land is now used as a parking lot. The water meter was removed in 1957. It is the driveway to the parking lot that has previously been mentioned.

The water meter vault was in the middle block of the sidewalk. Both the middle and north blocks next to the driveway were sunken and cracked. The testimony of a civil engineer and the city engineer is inconclusive as to the cause of the sidewalk defect. In substance, each testified to improper backfill and faulty installation of the water meter vault and block. On cross-examination, each admitted that heavy equipment used to pave the adjacent parking lot could have caused cracking and sinking of the sidewalk. In addition, the civil engineer testified that the sidewalk installed was insufficient to support vehicular traffic and that there were cracks where the sidewalk joined the driveway which could have allowed water to seep under the north block.

The plumbing foreman for the Water Company testified that he supervised the taking up of the section of sidewalk involved; that copper tubing of a type which had never been used by the Water Company had been used as a lead into the water meter vault; that the copper tubing had been run into the water meter vault sometime after the vault had been installed in 1934; and that it would have been necessary to excavate under both blocks of the sidewalk in question in order to install the

copper tubing. He also testified that it was a common practice for plumbers to make such openings in a sidewalk by obtaining a city permit, and without the knowledge of the Water Company.

■ We agree that there was a failure to show any negligence chargeable to the Water Company in view of the many occurrences which could have contributed to cause the condition, none of which is attributable to the Water Company. It had done nothing since 1934 except remove the meter. The trial court correctly directed a verdict in favor of the Water Company. Cf. Louisville Water Company v. Bosler, Ky., 433 S.W.2d 105 (decided October 11, 1968).

■ Appellant argues that there was a failure to establish by medical testimony a causal relationship between the fall and subsequent death. Wilma had visited Dr. Vernard F. Voss in the afternoon prior to the fall. Her pregnancy had been proceeding normally. She had been making regular monthly prenatal visits to Dr. Voss, beginning on July 20, 1962. Dr. Voss also delivered the baby. In his opinion, the fall caused premature labor and birth which resulted in the death of the child. While there was some testimony which tended to be in contradiction, the testimony of Dr. Voss is considered sufficient to establish the necessary causal relationship between the fall and the death.

■ Finally, appellant argues that the award is excessive in the absence of evidence as to the decedent's potential and capacity or power to earn money. In McCallum v. Harris, Ky., 379 S.W.2d 438, an award of $15,500 for the death of an eighteen-month-old child was sustained. The child here was shown to have had a life expectancy of 72.03 years. Much latitude must of necessity be allowed in fixing damages for the loss of human life. This is particularly true in determining the damages resulting from death in a negligent, premature birth. It is impossible to furnish any direct evidence of the earning capacity of a four-day-old child born prematurely. To require such a showing is to deny recovery entirely. Cumberland Telephone & Telegraph Company v. Overfield, 127 Ky. 548, 106 S.W. 242, 32 Ky.Law Rep. 421.

■ In Heskamp v. Bradshaw's Adm'r, 294 Ky. 618, 172 S.W.2d 447, it was held that "Failure to furnish the jury with proof of the decedent's earning power will not prevent them from exercising their own judgment in the matter and determining the amount of damages the estate has suffered." See cases cited therein. See also Chesapeake & O. Ry. Co. v. Dupee's Adm'r, 67 S.W. 15, 23 Ky.Law Rep. 2349; Kentucky & I.T.R. Co. v. Becker's Adm'r, 185 Ky. 169, 214 S.W. 900. In view of these cases it was unnecessary to submit evidence of the decedent's power to earn money. The award is not considered excessive within the first blush rule.

The judgment is affirmed except that it is reversed and reduced by the amount which would otherwise have been recovered for the mother's share except for her negligence.

All concur except STEINFELD, J., not sitting.