## THOMPSON v. THOMPSON.

Court of Appeals of Kentucky.

Feb. 5, 1954.

668

Fritz Krueger, Russell Jones, Somerset, for appellant.

Smith & Blackburn, Somerset, for appellee.

COMBS, Justice.

This is an action for personal injuries by a woman against her seventeen-year-old son. The injuries were received as a result of the alleged negligent operation of an automobile, and it may be assumed that the purpose of the suit is to collect damages from an insurance company. The trial court directed a verdict for the son.

■ The appellant tacitly concedes the general rule that a parent cannot maintain an action for tort against a minor child. 39 Am.Jur., Parent and Child, section 92, page 738; 67 C.J.S., Parent and Child, § 60, page 784. But she relies on the exception that a parent can maintain a tort action against a minor child who has been emancipated. Prosser on Torts, page 905; Taylor v. Taylor, 360 Mo. 994, 232 S.W.2d 382; Lo Galbo v. Lo Galbo, 138 Misc. 485, 246 N.Y.S. 565. The defendant apparently concedes the exception but he maintains the evidence does not show a legal emancipation.

As noted above, the son was seventeen years old at the time of the accident. He resided and took his meals with his parents. He paid no board but occasionally made contributions toward the expense of the household. His parents had previously bought him a truck which he operated for his own use. He also owned a one-half interest in a small garage which was operated by him and his uncle. It appears that his interest in the garage had been given to him by his father and his uncle. He worked regularly at the garage and kept all his earnings. He did not attend school and we find nothing in the record concerning his educational plans for the future. The mother testified that sometime prior to the accident her hubsand told the son in her presence that he was on his own; that he, the father, no longer claimed him as an exemption for income tax purposes; and said: "We are not going to be responsible for the debts you make, you are on your own." In response to the question whether his parents still exercised parental control, the mother stated: "Well, we tell him to save his money that he might need it, we don't tell him where he can or can't go, we tell him to save his money that he might need it, and tell him not to get out with bad company and tell him to be a good boy, that's the last words we say."

■ The question whether a minor child has been emancipated is always a question of fact and the burden of proving the fact is on the party so contending. It appears to be the general rule that before a suit of this sort can be maintained there must be emancipation in the primary sense of complete severance of the filial tie, and an entire surrender of care and custody of the child, as well as renunciation of parental duties. Emancipation limited to renunciation of the parent's right to the child's services and earnings is not sufficient. 67 C.J.S., Parent and Child, § 61, page 786. The only witness who testified on the subject here is the mother. She naturally was an interested witness and her testimony obviously was self-serving. Human nature being what it is, a court is justified in tak-

ing that into consideration. It is significant that neither the father nor the son was called as a witness.

We think the mother has failed to show facts sufficient to establish a legal emancipation, and that the trial court properly directed a verdict for the defendant.

The judgment is affirmed.