Elsa TOBUREN, Appellant,

v.

Robert L. CARTER, Respondent.

No. 44034.

Supreme Court of Missouri.

Division No. 1.

Dec. 13, 1954.

Dwight Roberts and Walter A. Raymond, Kansas City, for appellant.

Roy F. Carter and Sprinkle, Knowles & Carter, Kansas City, for respondent.

HOLLINGSWORTH, Judge.

Plaintiff sued to recover damages in the sum of $85,000 for personal injuries sustained on the night of July 30, 1950, when an automobile owned and operated by her husband southward on Main Street in Kansas City, Missouri, in which she was riding as a guest, collided with the rear end of an automobile operated by defendant southward on said street. The petition pleaded that defendant negligently operated his automobile without lights and that he negligently and suddenly stopped the same without warning. Defendant denied the negligence charged and pleaded that plaintiff's husband then and there drove his automobile at a high and dangerous rate of speed and that plaintiff was contributorily negligent in failing to timely warn her husband of the danger of collision and that the negligence of plaintiff's husband was the sole cause of the collision.

The jury returned a verdict for defendant and judgment was accordingly entered. Plaintiff appealed, assigning error in certain instructions given in behalf of defendant.

Plaintiff's evidence was that about midnight, on said date, plaintiff, her husband and their two children, rode southward on Main Street at a speed of about twenty miles per hour in an automobile owned and operated by her husband. Plaintiff sat

to the right of her husband on the front seat. The children were in the rear seat. Plaintiff and her husband intended to make a left turn at 38th Street and, in order to do so, the husband moved his car from the right southbound lane to the center southbound lane at either Armour (35th) or 36th Street. There were cars proceeding southward to the right of them, to the rear of them, and there had been cars in front of them. Cars were also coming from the opposite direction, which tended to blind them. Main Street was lighted by overhanging street lights, so that if one's vision was unobstructed by oncoming automobile lights, one could see "pretty far" southward.

Plaintiff had seen a car in front of them as they moved southward, which may have been the defendant's car, but it first came to her attention when it was stopping, drawing to a stop, about midway between 36th and 37th Streets. It was then about ten feet in front of them. It loomed up "black" in front of them; there were no lights on its rear. Plaintiff then and there told her husband to "watch that". He said, "I see it." She "felt" the brakes applied and her husband attempted to swing to the left, but oncoming traffic prevented clearance and their car collided with the rear of defendant's car. Defendant gave no arm signal of any kind. Plaintiff was injured by the force of the collision. She did not suppose she had been looking forward all the time after passing 36th Street. Probably she would have seen the defendant's car sooner had she been looking forward. She is an experienced driver and "usually watches" when she rides with some one else. Plaintiff testified that her husband was a good driver and that she had full confidence in him, but that testimony was stricken as not responsive to the question propounded.

Defendant's evidence was that he was operating his car southward in the inside southbound lane on Main Street behind some other cars. The second car ahead signalled a left turn to go into a "drive-in" in the middle of the block and stopped for traffic to clear. The car immediately ahead of defendant signalled and stopped and defendant put his left arm straight out the window, moved it up and down, and came to a stop. At that time no car was in sight to the rear of his car. His car had been stopped a minute or a minute and a half to two minutes when the car in which plaintiff was riding ran into the back of it. There was a double row of cars coming north and there were cars in the right hand lane going south at the time. The traffic was heavy.

Defendant also introduced in evidence a photograph of a night view of the portions of Main Street extending north and south of the point of collision. It shows an unlighted automobile that has been placed at the approximate point and position of defendant's car at the time of the collision. Defendant's evidence was that the camera was placed about 125 feet north of the automobile. The rear of the automobile placed as aforesaid is clearly revealed in the picture. The picture, however, further reveals that when it was taken there were no automobiles approaching from the south, as the evidence of both parties showed to be the situation at the time of the collision. The picture was a two or three second exposure.

Plaintiff contends that Instruction V, given at the request of defendant, was prejudicially erroneous for several reasons. Said instruction hypothesized a finding "that plaintiff rode in her husband's automobile south on Main Street and from 36th Street up to the point of accident that the automobile in which the plaintiff was seated was travelling about ten feet behind defendant's automobile, * * *, and * * * that the plaintiff could have seen and known of the position of the automobile in which she was seated as aforesaid and thereafter could have warned her husband to slow up his automobile and increase the distance between the two cars so that if the car ahead stopped that there would be sufficient distance for plaintiff's husband to stop his automobile, * * *, and thereby a collision could have been avoided, * * *, and * * * that plaintiff negligently failed so to do but permitted her husband to drive his automobile

without warning in the manner aforesaid up until the defendant's automobile was stopped, and * * * that plaintiff's conduct as aforesaid constituted negligence and that negligence, if any, directly contributed to cause the collision * * *, then * * * plaintiff cannot recover * * *."

Plaintiff insists first that there is no evidence upon which to base a finding of plaintiff's contributory negligence. In Kaley v. Huntley, 333 Mo. 771, 63 S.W.2d 21, 24 [10], we accepted as correct and applicable to a guest passenger the rule expounded in Berry on the Law of Automobiles (6th Ed.) Vol. I, § 665, as follows: " 'When dangers, which are either reasonably manifest or known to an invited guest, confront the driver of a vehicle, and the guest has an adequate and proper opportunity to conduct or influence the situation for safety, if he sits by without warning or protest and permits himself to be driven carelessly to his injury, this is negligence which will bar recovery.' " See also Boland v. St. Louis-San Francisco R. Co., Mo.Sup., 284 S.W. 141, 144 [4–6]; Ezell v. Kansas City, Mo.Sup., 260 S.W.2d 248, 250 [2–3]. In the absence of visible lack of caution of the driver or known imminence of danger, a guest may ordinarily rely upon a driver who has exclusive control of the vehicle. Flint v. Chicago, B. & Q. R. Co., 357 Mo. 215, 207 S.W.2d 474, 479 [4–5]. A guest is chargeable only with ordinary care. Taylor v. Taylor, 360 Mo. 994, 232 S.W.2d 382, 385 [4, 5].

As stated, defendant's evidence tended to show that his automobile came to and remained at a full stop between 36th and 37th Streets for a minute or more before the car in which plaintiff was riding collided with it. The street was well lighted. Plaintiff, admittedly in possession and actual use of her faculties, was riding in the front seat and, in so doing, "usually watches" when riding with another. She admitted that she had observed traffic in front, to the rear and to each side of them; and that she may have seen defendant's car but that she did not give it any attention until it was in the process of stopping.

Assuming defendant's testimony to be true, as we must in ruling this point, we think the jury could reasonably find that, in the exercise of ordinary care for her own safety, plaintiff would have seen the stopped car in time to have warned her husband of the danger of collision and alerted him to avoid it; which danger he evidently did not appreciate, as he did not apply his brakes until plaintiff had exclaimed, "Watch that", at which time, according to plaintiff's testimony, the cars were only ten feet apart.

Plaintiff further contends that said instruction was erroneous in hypothesizing a finding that "from 36th Street up to the point of accident that the automobile in which plaintiff was seated was travelling about ten feet behind defendant's automobile." Plaintiff's contention must be sustained. The only evidence in the record as to the plaintiff car (for convenience so-called) being within ten feet of defendant's car at any time prior to the collision was plaintiff's testimony that when defendant's car first came to her attention it was "stopping", "drawing to a stop", about midway of the 3600 block and it was then ten feet in front of the plaintiff car. Obviously, of course, the cars were further than ten feet apart before defendant began the process of stopping, and there is an utter lack of any testimony as to the point when or where that process began, or their distance apart prior to the moment plaintiff saw defendant's car in the process of stopping.

Now, to instruct the jury that the facts warranted a finding that the two cars involved were only ten feet apart as they proceeded southward beyond 36th Street is to assume a very different and prejudicial fact situation. Defendant himself exemplifies the prejudicial effect by asserting that the evidence shows the facts to be as hypothesized and, so assuming, argues plausibly that "this action on the part of the appellant certainly raises a jury question in respect to her negligence in allowing her husband to follow so closely behind the car in front of him."

■ Plaintiff further contends, and we hold correctly so, that said instruction is prejudicially erroneous in declaring to the jury "and if you further find and believe from the evidence that the plaintiff could have seen and known of the position of the automobile in which she was seated as aforesaid and thereafter could have warned her husband to slow up his automobile and increase the distance between the two cars so that", etc. This portion of the instruction unquestionably places upon plaintiff the absolute duty of seeing and knowing what she *could* have seen and known; a higher duty than that of the operator, which is to exercise the highest degree of care. Plaintiff's duty under the law, however, was only that of warning her husband after the danger became reasonably manifest or known to her in the exercise of ordinary care for her own safety. See Davis v. F. M. Stamper Co., 347 Mo. 761, 148 S.W.2d 765, 768–769. Neither does the mere fact that the instruction further requires a finding that plaintiff "negligently" failed to warn her husband under such circumstances cure the error. We think any juror would construe the instruction to mean that a failure to see and know what she *could* have seen and known would warrant a finding of negligence; whereas, as a matter of law, she would be guilty of contributory negligence only if, in the exercise of ordinary care, she failed to warn her husband after the danger of collision became reasonably manifest or known to her.

Plaintiff also complains of Instruction VI, given at the request of defendant, for several reasons. That instruction hypothesized a finding "that the plaintiff was riding in her husband's automobile south on Main Street and crossing 36th Street, * * *, and * * * that an automobile without lights could be viewed for a distance of 125 feet, * * *, and * * * that defendant's automobile could have been seen by the plaintiff at said distance, * * *, and * * * that had the plaintiff looked and seen defendant's automobile that she could have seen the same in time to have warned her husband of its presence and her husband could have thereafter avoided a collision, * * *, and * * * that plaintiff failed to look and warn her husband, and * * * that said conduct constituted negligence on the part of the plaintiff and that negligence, if any, directly contributed to cause the collision", etc.

Plaintiff insists there was no evidence that an automobile without lights could be seen for a distance of 125 feet at the time in question. Defendant says that the photograph placed in evidence by him, and which was taken at night at a distance of 125 feet to the rear of an unlighted car spotted at the approximate point of the collision, clearly reveals the car and, therefore, justifies a finding that defendant's car could have been seen by plaintiff for a distance of 125 feet.

■ We find it difficult to say that a photograph which was the result of a two or three second exposure from a still camera pointed directly toward a still automobile, with no oncoming lights reflected into the camera as was shown by the evidence to have confronted plaintiff and her husband, in and of itself, constitutes evidence that plaintiff, riding in an automobile moving at twenty miles per hour and facing oncoming lights, could have seen the same view as reflected in the photograph. But we need not here decide that question. The instruction, like Instruction V, is prejudicially erroneous in placing upon plaintiff the absolute duty to warn her husband if she could have seen defendant's car in time to enable him to avoid striking it; whereas, it was her duty only to warn her husband if and when, in the exercise of ordinary care, it became reasonably manifest or known to her that there was danger of collision. See authorities, supra.

■ The instruction is also prejudicially erroneous, as contended by plaintiff, in setting forth, emphasizing and exploiting an isolated bit of evidence, if it was evidence, a finding of which was not an essential or decisive element in the case. See Spalding v. Robertson, 357 Mo. 37, 206 S.W.2d 517, 523 [9–11].

Plaintiff also complains of Instruction IX, given at the request of defendant. This instruction hypothesizes plaintiff's husband's negligence as the sole cause of the collision and "that the defendant was not in anyway negligent, as outlined in other instructions." Inasmuch as this cause must be remanded because of the errors above pointed out, we need not extend this opinion further. The criticism leveled against Instruction IX may be avoided in a future trial. See, in this connection, Martin v. Lingle Refrigeration Co., Mo.Sup., 260 S. W.2d 562, 565, 566 [1–2], which deals with a similarly worded instruction in a case where, as here, several charges of negligence had been submitted in the disjunctive against defendant.

The judgment is reversed and the cause remanded.

All concur.