**Adeline CUNNINGHAM, Appellant,**

v.

**Clarence PULVER, Respondent.**

**No. 46973.**

Supreme Court of Missouri,

Division No. 2.

Sept. 14, 1959.

Commodore McFarland Combs, Jr., George C. Denney, Combs & Denney, Kansas City, for appellant.

Don M. Jackson, James W. Benjamin, Rogers, Field, Gentry & Jackson, Kansas City, for respondent.

STOCKARD, Commissioner.

In this suit for $10,000 for personal injuries the jury returned a verdict for defendant and plaintiff has appealed from the judgment entered thereon.

We have concluded that the judgment must be reversed because of an erroneous instruction. We shall, therefore, set forth only such facts as are necessary to demonstrate the reasons for that determination.

On April 21, 1955, plaintiff and her husband, Arthur Cunningham, were traveling on U. S. Highway 50, a three-lane highway, toward Kansas City in a 1952 Plymouth automobile. According to the evidence introduced on behalf of plaintiff, her husband was following defendant's truck in the extreme right or east lane and

was about seventy feet to the rear of it. He undertook to pass the truck and moved into the center lane and increased his speed to about forty miles an hour, but when he was thirty or thirty-five feet behind the truck it turned suddenly without warning across the center lane and into the path of his automobile. The right front of the Plymouth struck the left rear dual wheel of defendant's truck.

Defendant's evidence was to the effect that he was driving his truck in the east lane, that he gave a hand signal and moved into the center lane, and then gave a hand signal for a left turn preparing to turn into a driveway ahead of him. When he was sixty to seventy feet from the driveway he looked in his rear view mirror and saw nothing behind him, and he then started to turn at about a forty-five degree angle toward the driveway. While he was turning the Cunningham automobile struck his truck.

Plaintiff testified that she did not drive an automobile and had no driver's license, and that just prior to the collision she was "fooling" with the car radio attempting to get a news broadcast. She knew there was a truck ahead because she had previously seen it, but she paid no attention to it, except for a glance, until she felt a movement of the Plymouth and looked up and saw the truck "right in front of us" and said "watch out."

Plaintiff submitted her case to the jury on the primary negligence of defendant in attempting to make a left turn into the path of the automobile in which she was riding. At defendant's request the trial court gave instruction 8 as follows:

"The court instructs the jury that the law imposed upon the plaintiff, Adeline Cunningham, the duty to exercise ordinary care for her own safety, and if you do decide, find and believe from the evidence that the plaintiff failed to exercise ordinary care for her own safety in failing, if so, to keep a reasonably vigilant and careful lookout for defendant's truck and in negligently failing, if so, to give a timely warning to her husband of the impending collision and if you further find that plaintiff's negligence, if any, and failure to exercise ordinary care for her own safety, if so, directly contributed in any degree or way to cause the collision, then in such circumstances, if you so find them, your verdict must be in favor of the defendant and against the plaintiff."

This instruction required plaintiff, in the exercise of ordinary care for her own safety, to "keep a reasonably vigilant and careful lookout" and "to give a timely warning * * * of the impending collision." Plaintiff contends that this instruction imposed a greater duty on her as a guest passenger than the law requires, and she cites Happy v. Blanton, Mo.Sup., 303 S.W.2d 633; Ketcham v. Thomas, Mo.Sup., 283 S.W.2d 642; and Toburen v. Carter, Mo. Sup., 273 S.W.2d 161.

■■■ Assuming that plaintiff was a guest passenger in the automobile operated by her husband, this instruction was clearly erroneous. A guest passenger is required to exercise ordinary care for his own safety, Ketcham v. Thomas, supra, and may not entrust his safety absolutely to the driver regardless of the impending danger or apparent lack of ordinary caution on the part of the driver, but such passenger is not required to exercise the same vigilance as the driver and does not have the same obligation to look for danger. Happy v. Blanton, supra; Fann v. Farmer, Mo.App., 289 S.W.2d 144. "In the absence of visible lack of caution of the driver or known imminence of danger, a guest may ordinarily rely upon a driver who has exclusive control of the vehicle," Toburen v. Carter, supra [273 S.W.2d 164], and "The duty of a guest, in the exercise of ordinary care, is to warn the driver of known imminence of danger, and, when the driver has been or is exercising a visible lack of caution, to take such action as an ordinarily or reasonably prudent and careful person would take under the same or similar circumstances,

which could, among other things, include the maintenance of a lookout for dangerous situations." Happy v. Blanton, supra, 303 S.W.2d at page 639. In this case there is no evidence that anything was said or done by plaintiff's husband which would indicate to a passenger in the exercise of ordinary care that he was not exercising, or that it could be anticipated that he would not exercise, the highest degree of care in the operation of the automobile. Therefore, under the circumstances shown by the evidence there was no duty on plaintiff to maintain a lookout for possible dangerous situations, and the only duty on plaintiff to warn was that of known imminence of danger. The instruction imposed a greater duty on plaintiff, as a guest passenger, than the law required under the circumstances.

Defendant does not contend that the instruction was proper if plaintiff was a guest passenger in the automobile, but he contends only that plaintiff was not a guest passenger because she and her husband were engaged in a joint enterprise, and that she had the same duty as her "co-entrepreneur husband and driver, to maintain a reasonably careful and vigilant lookout." Defendant bases this contention upon evidence that plaintiff and her husband together operated a business for which the occupational license shows "Arthur L. Cunningham and Adeline Cunningham, doing business as Cunningham Plumbing and Heating Company;" that the Plymouth automobile was registered in the name of Cunningham Plumbing and Heating Company; that plaintiff actively worked in the business; and that she and her husband were on their way to work when the collision occurred. However, Arthur Cunningham testified that he was a master plumber and that he was the sole owner of the business.

If the plaintiff and the driver of an automobile are engaged in a joint enterprise, it is usually contended by the defendant that the negligence of the driver may be imputed to the plaintiff. We have found no case in which an instruction such as the one given here has been approved. Defendant relies on Tannehill v. Kansas City, C. & S. R. Co., 279 Mo. 158, 213 S.W. 818, and there is language there, but not necessary to the decision reached, which indicates that there is a duty on a person riding in an automobile and engaged in a joint enterprise with the driver thereof to maintain a vigilant lookout and warn the driver of impending danger. We question the correctness of such a far-reaching and general rule, but it is not necessary in this case to rule on the duty of such person. The evidence did not establish as a matter of law that plaintiff and her husband were engaged in a joint enterprise at the time of the collision, and defendant did not submit that issue to the jury. Plaintiff, however, submitted in her verdict directing instruction that she "was riding as a passenger in a 1952 Plymouth motor car operated by her husband," and that was the only submission on the issue of plaintiff's status. Since this was the only submission, defendant could not submit as negligence the failure on her part to exercise a degree of care higher than that required of a passenger. The instruction, therefore, was erroneous.

Plaintiff has presented several other matters which she contends constituted prejudicial error, but they are not of the type that would probably recur on a new trial, and for that reason we need not rule thereon.

For the prejudicial error in giving instruction 8, the judgment is reversed and the cause remanded.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.