Ora UNDERWOOD, Respondent,

v.

Don HENDRIX, Appellant.

No. 50691.

Supreme Court of Missouri,

Division No. 2.

April 12, 1965.

Pinnell & Monroe, by E. L. Monroe, Monett, for respondent.

Royle Ellis, Cassville, for defendant-appellant.

STOCKARD, Commissioner.

The jury returned a verdict for defendant in plaintiff's suit in which she sought damages for personal injuries in the amount of $17,500. The trial court thereafter granted plaintiff a new trial on the ground that the giving of Instruction No. 5 on contributory negligence constituted prejudicial error, and defendant has appealed.

Defendant drove his 1962 Ford truck to plaintiff's home to take plaintiff to dinner. He stopped the truck in front of plaintiff's house, and remained in the cab of the truck on the driver's side with the engine running. He did not put on the brakes although the truck was stopped at a place where the ground was not level. Plaintiff walked to the truck and started to enter the passenger side of the cab of the truck. She stepped on the running board with her left foot and had started to pull herself into the cab when the truck moved forward. Defendant made a hard application of the brakes, the truck stopped suddenly, plaintiff was thrown against the door, and she then fell to the ground and was injured. She admitted that she knew the truck was likely to move forward if defendant did not have on the brakes, but she did not know whether they were on, and she assumed that defendant would prevent the truck from moving while she was getting in.

Plaintiff's case was submitted to the jury on the hypothesized negligence of defendant in causing or permitting the truck to move forward while plaintiff was entering the cab and then stopping the truck suddenly causing plaintiff to fall. At the request of defendant the trial court gave Instruction No. 5, which first stated that plaintiff was required to exercise ordinary care for her own safety, and then provided as follows:

"* * * if you find and believe * * that plaintiff failed to exercise ordinary care for her own safety in attempting to get into the cab of the truck * * when the truck was on ground that sloped to the front of the truck * * when she saw or knew, or * * * should have seen and known that said truck was likely to move forward while she was attempting to get into the cab of the truck, * * * and that she failed to warn the defendant of the position of said truck and its likely movement forward when she could have done so and prevented the forward movement of the truck * * *, and if you further find that such failure to exercise ordinary care for her own safety contributed to cause her injuries, then you should find plaintiff guilty of contributory negligence * * *."

We conclude that the order granting plaintiff a new trial must be affirmed. The instruction does not hypothesize facts supported by the evidence which would authorize a finding of contributory negligence.

The negligence submitted by Instruction No. 5 is failure on the part of plaintiff to warn the defendant that the truck was likely to move, but under the facts of this case, as a matter of law there was no such duty. Plaintiff's status was that of a guest passenger. "In the absence of visible lack of caution of the driver or known imminence of danger, a guest [passenger] may ordinarily rely upon a

driver who has exclusive control of the vehicle." Toburen v. Carter, Mo., 273 S.W.2d 161; Ketcham v. Thomas, Mo., 283 S.W.2d 642; Fann v. Farmer, Mo. App., 289 S.W.2d 144. There was no visible lack of caution on the part of defendant. The truck was sitting still. The defendant was in the driver's seat and from all appearances he was in complete and exclusive control of the truck. Plaintiff had no reason to believe the brakes were not on, and she had the right to rely upon adequate control by defendant. That would include the right to assume that either the hand or foot brake was on, or that for some other reason the truck would not move forward when plaintiff attempted to enter the cab, even though plaintiff knew the truck was sitting on slightly sloping ground. Therefore, there was no known imminence of danger, nor was there a situation where a jury reasonably could find that a person in the exercise of ordinary care would or should have known of imminence of danger. In this situation there was no duty on plaintiff, in the exercise of ordinary care, to warn the defendant that the truck might move when she attempted to enter it.

The submission of defendant in Instruction No. 5 imposed a duty on plaintiff to warn the defendant when in the exercise of ordinary care a reasonably prudent person would have no reason to believe a warning was needed. As was said in Happy v. Blanton, Mo., 303 S.W.2d 633 at p. 638, "[o]nly mischief and confusion could result from a requirement that in the exercise of ordinary care every guest passenger must at all times be a 'back seat driver.'" There were not facts and circumstances in evidence from which plaintiff's contributory negligence in failing to warn could be found, and for that reason it was error to submit such issue to the jury. Tomlin v. Alford, Mo., 351 S.W.2d 705, 711.

The order of the trial court granting a new trial for the error in submitting Instruction No. 5 to the jury is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.