Sherman A. LOVE, Appellant,

v.

Charlene R. CARDWELL, Appellee.

No. 18421.

United States Court of Appeals
Eighth Circuit.

Nov. 14, 1966.

Rehearing Denied Dec. 7, 1966.

Keith Martin, Olathe, Kan., for appellant. James E. Campbell and Donald B. Clark, Kansas City, Mo., were with him on the brief.

Peter A. Martin, Olathe, Kan., for appellee. John C. Risjord, Kansas City, Mo., on the brief.

Before VOGEL, Chief Judge, GIBSON, Circuit Judge, and REGISTER, District Judge.

VOGEL, Chief Judge.

Charlene R. Cardwell, plaintiff-appellee, brought this action against Sherman A. Love, defendant-appellant, for injuries received in an automobile accident occurring on April 8, 1964, at 1:45 p.m. when the car in which she was riding collided with a car driven by the defendant. Diversity of citizenship and involvement of the requisite amount satisfy federal court jurisdictional requirements. The case was tried to a jury and resulted in a verdict and judgment in favor of Charlene Cardwell in the amount of $25,000. Defendant has appealed therefrom. We affirm.

A recitation of the facts as disclosed by the testimony and by a stipulation of the parties is necessary to understand the issues involved. On the day of the accident Ralph W. Anderson, Jr., was driving his automobile in a northerly direction along Highway 13 between Lowry City and Osceola, Missouri. His sister, the plaintiff in this action, accompanied him. At the same time Sherman A. Love, the defendant, aged 83 years at the time of trial, was driving his automobile in a southerly direction on the same

highway. The weather was clear, the road surface dry, and the highway at the point in question was straight. One could see a considerable distance in both directions from the point of impact. On the east side of Highway 13 near the point of impact there was a filling station and on the west side a restaurant. The car in which the plaintiff was riding was traveling at 50 to 55 miles per hour as it approached the point of impact. This was well within the Missouri speed limit for that time and place. V.A.M.S. § 304.010, subd. 2(2). The defendant's automobile was traveling approximately 10 to 20 miles per hour as it approached the point of impact. Plaintiff's brother, proceeding in a northerly direction, first observed the defendant's automobile when it was about a quarter of a mile distant. As the automobiles approached each other, he noticed that the Love car was moving slowly and was crowding the center line of the road. Defendant claimed to have had his turn signal for a left turn operating. Plaintiff's brother did not recall seeing defendant signal. When Anderson first observed defendant's car crowding the center of the pavement he, as a precaution, let up on the accelerator and claims to have watched the defendant's automobile closely. Plaintiff first became aware of the Love car when the vehicles were approximately a block and a half apart. When she noticed the defendant's car sort of coming over to the center line, she

> " * * * kind of was watching him and the next thing I knew my brother said, 'I have got a feeling,' and I just turned my head sideways to see what he had a feeling about, I didn't know what he had a feeling about and I noticed a movement around the floor of the car there and I noticed he had taken his foot off of the foot feed and started—as I started to turn and see what he was talking about, he put his foot on the brake, and as I turned around I saw something moving in front of me, then I heard this screech of the brakes and I hit my head on the door post."

Defendant testified that he at no time saw the Anderson car until after the collision and that he was making a left-hand turn into the filling station. A Missouri Highway Patrolman who was called to the scene of the accident immediately after its occurrence established that the Anderson car skidded 23 paces from the point of the first skid mark to the point of impact and that his footstep is approximately 2½ feet. He placed the point of impact at about 8 feet from the east edge of the pavement; in other words, entirely on the east or plaintiff's side of the highway. Defendant stated to the patrolman:

> "I was turning in that station and I don't know where he came from, must have been coming awfully fast."

The defendant's car was knocked backwards from the point of impact a distance of 14 paces. It is apparent from the numerous photographs offered and received in evidence that the right front corner of the vehicle in which plaintiff was riding collided with the right front corner of the defendant's automobile.

In appealing to this court, the defendant raises the following points:

1. The plaintiff was guilty of contributory negligence as a matter of law, or, at the very least, the issue was one of fact for the jury to determine.

2. The defendant was not negligent as a matter of law and, therefore, the plaintiff's "right of way" instruction, which effectively directed the jury to so find, was erroneous.

■ Before the case was submitted to the jury the defendant requested the court to instruct on contributory negligence of the plaintiff. In overruling and denying the request, the court stated:

> "I don't believe that there is any evidence of contributory negligence for the jury to pass on, and I might state for the record that my version of the evidence is that the only possible claim of contributory negligence would be on the theory of keeping a lookout and duty to warn a driver and all the evidence in the case shows that the driver

himself was keeping a lookout and that he had knowledge of the danger as soon as he could and that the plaintiff wouldn't have added anything to impending danger by any warning she would give, therefore there couldn't be any causation. I don't believe there is any evidence she did fail to, but I am not going to submit that, and that is over the objection and exception of the defendant."

We are in complete accord with the trial court's view of the evidence with respect to contributory negligence. Nothing in the record could possibly justify a jury in finding that the plaintiff, a guest passenger in the car, was guilty of contributory negligence which might have been a contributing factor to the collision and injuries. We think the minds of reasonable people could not differ on that point and that Judge Collinson was entirely correct in his ruling.

In a very recent case, wherein the facts are remarkably similar to those with which we are here concerned, the Missouri Court of Appeals in Matta v. Welcher, Mo.App., 1965, 387 S.W.2d 265, held that, at page 270:

"* * * So far as ordinary contributory negligence is concerned, we agree with the trial court that no substantial jury question was made. The circumstances which the defendant would have had the jury consider on this issue were, at least in part, too remote to have a logical bearing on plaintiff's contributory negligence at the time of the accident. What is more, we think the defendants mistook the duty imposed on the plaintiff as a guest passenger, if that was his status. While a guest has the duty to warn the driver of dangers which are reasonably manifest or known to the guest in the exercise of ordinary care, the guest is under no obligation to keep a constant lookout and make continuous suggestions. Jenkins v. Wabash R. Co., Mo., 322 S.W.2d 788, 799 [14, 15]; Ketcham v. Thomas, Mo., 283 S.W.2d 642, 645 [1, 2]; Toburen

v. Carter, Mo., 273 S.W.2d 161, 165 [6, 7]."

In Jenkins v. Wabash R. Co., Mo.Sup., 1959, 322 S.W.2d 788, the Supreme Court of Missouri was dealing with the charged contributory negligence of a passenger riding in the front seat of an automobile, the driver of which failed to notice a railroad train coming from her right. A jury verdict was had in behalf of two of the guest passengers against the railroad company as well as the administrator of the estate of the driver of the automobile in whch they were riding. The court there stated, at page 799 of 322 S.W.2d:

"* * * We do not doubt that the evidence indicates that Mrs. Hutcherson, the front seat passenger, could have seen the train, but *as a guest passenger she was chargeable only with ordinary care, and in the exercise of that care she was not required to keep a constant lookout and to make suggestions to the driver of the automobile in which she was riding. In the absence of visible lack of caution of the driver or known imminence of danger, a guest ordinarily may rely on a driver who has exclusive control of the vehicle.* Ketcham v. Thomas, supra, 283 S.W.2d at page 645; Toburen v. Carter, Mo.Sup., 273 S.W.2d 161, 164. Ruby Klein drove the automobile to a position of safety near the tracks and stopped. Therefore, assuming that Mrs. Hutcherson was fully aware of the presence of the crossing and that it was dangerous, this conduct of the driver would indicate the exercise of proper care, not a lack of caution. There is no evidence whatever from which it can even be inferred that within the time that either passenger could have said or done anything to prevent the collision, there was any visible lack of caution on the part of Ruby Klein or imminence of danger known to Allene Jenkins or Mrs. Hutcherson. Therefore, there was no substantial evidence of contributory negligence, and plaintiffs were not required to negative in their verdict directing instructions the

pleaded affirmative defense of contributory negligence." (Emphasis supplied.)

Ketcham v. Thomas, Mo.Sup., 1955, 283 S.W.2d 642, is another case of a guest passenger in an automobile bringing suit against the driver thereof as well as the driver of a truck with which the car wherein plaintiff was riding collided. Instructions on contributory negligence were requested and refused. In affirming, the Supreme Court of Missouri stated, at pages 645–646 of 283 S.W.2d:

"A guest passenger in an automobile is chargeable only with ordinary care, Taylor v. Taylor, 360 Mo. 994, 232 S.W.2d 382; Toburen v. Carter, supra; State ex rel. Alton R. Co. v. Shain, 346 Mo. 681, 143 S.W.2d 233, and in the exercise of ordinary care is not required to keep a constant lookout and to make suggestions to the driver concerning the manner of operating the car. Taylor v. Taylor, supra. 'In the absence of visible lack of caution of the driver or known imminence of danger, a guest may ordinarily rely upon a driver who has exclusive control of the vehicle', Toburen v. Carter, supra, 273 S.W.2d at page 164, and it is a matter of common knowledge that under ordinary circumstances such occupants do largely rely upon the driver, who has the exclusive control and management of the vehicle, and who is exercising the required degree of care. But, where there is 'visible lack of caution' on the part of the driver, a guest in an automobile cannot abandon the exercise of his faculties and entrust his safety absolutely to the driver. Boland v. St. Louis-San Francisco Ry. Co., Mo.Sup., 284 S.W. 141."

And at page 647 of 283 S.W.2d:

"There was no substantial evidence of a visible lack of caution on the part of Dr. Connell [the driver] that was or should have been apparent to the plaintiff in exercise of ordinary care. Therefore, there was no duty on her part to maintain a lookout for dangers. The dangerous situation was neither known nor reasonably manifest to plaintiff, so there was no substantial evidence of contributory negligence on her part. The instructions were properly refused. State ex rel. Kansas City Public Service Co. v. Bland, 353 Mo. 1234, 187 S.W.2d 211; Dorman v. East St. Louis Ry. Co., 335 Mo. 1082, 75 S.W.2d 854."

▮ In Cotton v. Pyle, Mo.Sup., 1966, 400 S.W.2d 72, the Supreme Court of Missouri said at page 77 of 400 S.W.2d:

"The rule concerning the duty of a guest passenger in this state is well stated in the case of Happy v. Blanton, Mo., 303 S.W.2d 633, 638 [8]: 'A guest passenger in an automobile is required to exercise only ordinary care for his own safety. State ex rel. Alton Railroad Co. v. Shain, 346 Mo. 681, 143 S.W.2d 233, 238; Toburen v. Carter, Mo.Sup., 273 S.W.2d 161; Ketcham v. Thomas, Mo.Sup., 283 S.W.2d 642. A guest may not entrust his safety absolutely to the driver regardless of the impending danger or apparent lack of ordinary caution on the part of the driver, but the guest is not required to exercise the same vigilance as the driver, nor does he have the same obligation to look for danger. Smith v. St. Louis-San Francisco Railway Co., 321 Mo. 105, 9 S.W.2d 939; Fann v. Farmer, Mo.App., 289 S.W.2d 144, 147. *In the absence of visible lack of caution of the driver or known imminence of danger, a guest may ordinarily rely upon a driver who has exclusive control of the vehicle.*" Toburen v. Carter, supra [273 S.W.2d 164]; Ketcham v. Thomas, supra; Fann v. Farmer, supra.' " (Emphasis supplied.)

▮ In Moore v. Kopp, Mo.Sup., 1966, 400 S.W.2d 176, at 181, the Supreme Court of Missouri stated:

" * * * An occupant of a motor vehicle, * * * is not required to warn the driver of what the latter already knows and appreciates. 61 C. J.S. Motor Vehicles § 488a, p. 104. The reason is obvious: a warning of

imminent danger would add nothing to what the driver already knows, so as to influence the situation of safety, and the following cases so hold: Rosenstein v. Lewis Automobile Co., Mo. App., 34 S.W.2d 1023, 1026 [4]; Buehler v. Festus Mercantile Co., 343 Mo. 139, 119 S.W.2d 961, 965 [5]; Cheatham v. Chartrau, 237 Mo.App. 793, 176 S.W.2d 865, 869 [4]; and Fann v. Farmer, Mo.App., 289 S.W.2d 144, 149 [10, 11]."

In Anderson v. Robertson, Mo.App., 1966, 402 S.W.2d 589, the court stated at page 594:

" * * * The duty of a passenger to warn a driver arises only when there is a visible lack of caution by the driver. Toburen v. Carter, Mo. Sup., 273 S.W.2d 161 [2]."

The law of the State of Missouri with reference to the duty of a guest passenger is well set forth in the foregoing Missouri cases which fully support Judge Collinson's refusal to instruct on contributory negligence. Defendant's first claim of error is without substantial merit.

Defendant's second contention is somewhat obscure. In effect, he says that if the defendant was not negligent as a matter of law it was error for the trial court to instruct on "right of way". The trial court instructed the jury as follows:

"I want to read you a couple of instructions that are definitions, actually. The phrase 'right of way', as used in these instructions, means the right of one vehicle to proceed ahead of the other. When the driver of a vehicle intends to make a left turn into a driveway and another vehicle is approaching from the opposite direction and is so close that the turn would create a traffic hazard, the approaching vehicle has the right to proceed ahead of the turning vehicle.

* * * * * *

"Where two vehicles are approaching each other on a highway in daylight and there is no obstruction to the view between them and no excusing circumstances, a driver of one vehicle is negligent if he does not see the other vehicle, because if he had looked he must have seen it. It is negligent for one driving a motor vehicle on a highway to turn without looking from his side of the highway across the line of travel passing in the opposite direction on the other side of the highway.

"The term 'negligence', as used in these instructions, means the failure to use the highest degree of care, which means that degree of care that a very careful and prudent person would use under the same or similar circumstances.

"Now, keeping in mind these instructions, these definitions I have just given you, your verdict must be for the plaintiff if you believe, first, that the defendant either failed to keep a proper lookout or failed to yield the right of way; and second, the defendant's conduct, in any one or more of the respects submitted above, was negligent; and third, as a direct result of such negligence the plaintiff sustained damages.

"On the contrary, if you do not find that the defendant was negligent in that he failed to keep a proper lookout and that he did not fail to yield the right of way, or if you would find that his conduct in either or both of those respects was not negligent, or if you would find that the plaintiff did not sustain damage as a result of such negligence, then your verdict must be for the defendant."

The question of defendant's negligence was thus clearly left for the jury. The complained of "right of way" instruction is in accordance with Missouri statutory law as follows:

"6. The driver of a vehicle intending to make a left turn into an alley, private road or driveway shall yield the right of way to any vehicle approaching from the opposite direction when the making of such left

**294**

turn would create a traffic hazard."
(V.A.M.S. § 304.021.)

We find no error in the court's instruction.

This case is in all things affirmed.