**Hazel M. CLARK, Appellant,**

v.

**Allen MARTIN and Richard David Clark, Respondents.**

**No. WD 33297.**

Missouri Court of Appeals, Western District.

April 19, 1983.

**700**

James A. Rahm, Carrollton, for appellant; Rahm & Rahm, Carrollton, of counsel.

Jack Lukehart, Brunswick, for respondent Allen Martin.

David D. Lodwick, Excelsior Springs, for respondent Richard David Clark.

Before PRITCHARD, P.J., and MANFORD and NUGENT, JJ.

PRITCHARD, Presiding Judge.

Appellant, Hazel M. Clark, filed her action in Carroll County, Missouri, against respondents to recover her costs of medical care and loss of services provided to her daughter, Beverly Ann Clark, which allegedly were for injuries received as a passenger in an automobile accident. Martin was the driver of the automobile which was alleged to have been negligently driven by him at a high rate of speed and which left the roadway, overturned, and Beverly was injured. Clark was the owner of the automobile, and his negligence was alleged that of negligent entrustment of it to Martin, knowing that he was not physically or mentally able to operate it by reason of intoxication.

Appellant's petition alleged that the accident occurred on July 13, 1975, in Carroll County; that she was a resident of Ray County; that Clark was a resident of Clay County; and that Martin was a resident of Chariton County. It was further alleged that Beverly was born on November 2, 1956 (making her 18 years, 8 months and 1 day old at the time of the accident).

Clark filed a motion to dismiss appellant's petition for lack of venue in Carroll County, setting up appellant's allegations of residence, and "2. Plaintiff's petition does not state sufficient facts which would authorize her to sue on behalf of her daughter; and, therefore, cannot take advantage of the fact that the alleged accident occurred in Carroll County."

Appellant relies upon § 508.010(6), RSMo 1978, relating to venue: "In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; * * *." She pleads and argues here that her daughter was a minor, but the allegation as to the daughter's age at the time of the accident shows that she was, in fact, not a minor. Sections 431.055 and 475.010, Laws 1979, p. 623, § 1, RSMo 1978, changed the legal age at which a person becomes competent to

eighteen years, thus changing the former statute of twenty-one years as the legal age (§ 475.010, RSMo 1969). In § 507.115, it is provided, "As used in sections 507.110 to 507.220, the term 'infant' means any person who has not attained the age of eighteen years. All persons of the age of eighteen years or older, not otherwise disqualified, may commence, prosecute, or defend any action in his own name as the real party in interest."

 Without doubt, a parent of a *minor* child possesses an action in tort, for the redress of a civil wrong, to recover damages for loss of services and for medical care of the minor resulting from injuries occasioned by the negligence of another. In *Evans v. Farmers Elevator Co.*, 347 Mo. 326, 147 S.W.2d 593, 599[9] (Mo.1941), it was said, "The general rule is well stated in 46 C.J. 1301, § 114, as follows: 'An injury to a minor child gives to two causes of action, one on behalf of the child for pain and suffering, his permanent injury, and impairment of earning capacity after attaining majority, the other on behalf of the parent for loss of services during minority, and expenses of treatment, and the damages peculiar to one of these causes of action cannot properly be recovered in an action based on the other in the absence of waiver or estoppel.'"

At the time appellant filed her action in Carroll County, her daughter had previously attained the age of majority, no recovery in tort could be allowed her for loss of services or for costs of medical expenses. There was there no existent tort which would bring into play the option under § 508.010(6) of choosing the venue of Carroll County. It would seem that the entire cause of action for loss of earnings after majority, and for the costs of medical expenses, would have been vested solely in the daughter, regardless of the payment for any part thereof from any collateral source, and appellant would have no standing to bring the cause of action therefor. The trial court did not err in dismissing the petition for lack of venue.

The judgment is affirmed.

All concur.